# WHEELING.

ALLEMAN *v.* KIGHT & BRO. *et als.*

Submitted June 17, 1879. Decided December 17, 1881.

*(PATTON, JUDGE, Absent.)

1. Where a judgment and execution creditor files a suggestion against a debtor of the judgment and execution debtor, to enforce his execution-lien, and the debtor summoned upon such suggestion appears in court and answers, that he is indebted to the judgment and execution debtor in a sum greater than the amount of the judgment-creditor's debt including principal, interest and costs thereon, and the court in rendering judgment upon such answer of the garnishee against him by miscalculation of the amount of the judgment-creditor's debt including principal, interest and costs renders judgment against the garnishee for a sum greater than the amount of the judgment-creditor's debt including principal, interest and costs, such judgment may be amended under the provision of the 5th section of chapter 134 of the Code of this State upon notice and motion; and the excess of the judgment against such garnishee affords no grounds for the interposition of a court of equity to enjoin, correct or set aside such judgment because of such excess.

2. A judgment by confession or otherwise, will not be restrained by injunction on grounds purely legal, unless a defence at law has been prevented by fraud on the one side or ignorance of facts unmixed with negligence on the other side.

3. A case, in which it was error in the court below to order an answer of one of the defendants to a bill of injunction to be filed as a cross-bill. See statement of case and opinion of the court.

---

*Cause submitted before JUDGE P. took his seat.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Wood, rendered on the 18th day of October, 1878, in a cause in said court then pending, wherein John Alleman was plaintiff, and Kight & Bro. and others were defendants, allowed upon the petition of said Kight & Bro.

Hon. James M. Jackson, judge of the fifth judicial circuit, rendered the decree complained of.

HAYMOND, JUDGE, furnishes the following statement of the case :

This is a bill of injunction filed by the plaintiff in the circuit court of Wood county. The injunction was granted by said circuit court in term on the 22d day of July, 1875. The substance of the case made by the bill is, that J. W. Kight and Joshua Kight, partners in business in the name of Kight & Bro., judgment-creditors of the defendant, G. W. Alleman, the plaintiff's father, sued out from the clerk's office of the circuit court of Wood county a summons upon two suggestions filed in said clerk's office against the plaintiff, which were served upon him about the 22d day of July, 1874, which summons required plaintiff to appear on the first day of December term of said circuit court then next ensuing and answer said summons. That the amount of one of the judgments of said Kight & Bro. against said G. W. Alleman was $745.08 with interest from the 1st day of September, 1872, and $17.85 costs, and the amount of the other was $151.91 with interest thereon from the 5th day of March, 1869, and $19.80 costs ; that plaintiff appeared at the said December term of said circuit court, to answer to said suggestions and answered as follows :

"According to his contract with said G. W. Alleman he was indebted to said G. W. Alleman about $2,100.00, and that there would be nothing due upon it until in June, 1875, or that there would be a payment due in June, while in fact there was nothing due until the 1st day of July, 1875, and then only $91.79, and then $155.91 due every three months thereafter until the full amount of the contract was paid, subject to credits, and that he plaintiff made said answer through a mistake, as he had never been sworn in court before, he was

considerably embarrassed, and did not perhaps explain to the court fully how said payments became due ;" * * * "that upon the said answer the said court entered up, through a mistake of the plaintiff, against him in favor of said Kight & Bro. two judgments, one judgment on the first of said suggestions for $897.61, with interest from the 1st day of June, 1875, and costs $5.39, to become due and payable on the 1st day of June, 1875 (meaning of course with stay of execution thereon until the date last aforesaid) ; that the amount of said judgment is largely in excess of the judgment of the defendants, Kight & Bro., against the said defendant, G. W. Alleman, mentioned in the suggestion in that case, to wit. about $33.32; that the other of said judgments was entered up on the second suggestion for $232.45, with interest from the 1st day of June, 1875, with stay of execution thereon until the date last aforesaid · that the last mentioned judgment is erroneous and is entered up for a greater amount than the original judgment of said Kight & Bro. against the said G. W. Alleman; that afterwards on the —— day of ——, 1875, a writ of *fi. fa.* was issued upon each of said last named judgments against plaintiff, which came into the hands of W. J. Hill, sheriff of Wood county, and that the said sheriff by his deputy has levied *fi. fa.* upon personal property of the plaintiff. The bill enumerates the property so levied on and alleges, that the plaintiff's said personal property is advertised by said sheriff to be sold on the 22d and 26th days of July, 1875; that said levy includes all the personal property he owns; that said sheriff threatens to sell said property, if not prevented or restrained by said court, to pay said judgments against him, which are erroneous and were obtained by mistake, as plaintiff does not owe any of said judgments with the exception of the said $91.79, which he is able and willing to pay ; that plaintiff's answer in said court to said suggestion was oral, and there is nothing in the papers of the cause in writing, by which said mistakes or errors could be corrected on notice and motion; and that he has no adequate relief against said judgment at law."

The plaintiff further states, that he is "informed and verily believes and therefore charges, that the said judgments of the said Kight & Bro. against G. W. Alleman have been

almost, if not wholly, paid off and discharged by the said G. W. Alleman ; that plaintiff being wholly remediless save in a court of equity, where such matters are alone cognizable, therefore prays, that the said J. W. Kight and Joshua Kight partners as Kight & Bro., George W. Alleman and W. J. Hill, sheriff of Wood county, be made parties defendant to the bill and be required to answer the same under their solemn oaths ; that the said Kight & Bro. and the said G. W. Alleman be severally required to answer, how much has been paid on the said judgments of Kight & Bro. against the said G. W. Alleman, and when and how paid, and whether the said Kight & Bro. did not receive several sums of money from said G. W. Alleman, which should be applied on said judgments against said G. W. Alleman, and whether the said Kight & Bro. did not receive from J. B. Jackson, assignee of G. A. Wells & Co., bankrupts, a large sum of money, which should be applied on said judgments against said G. W. Alleman, and when and how the same was paid, and that the said mistake in the said judgments against plaintiff on the said suggestions may be corrected ; and to that end that the said judgments against plaintiff may be set aside and held for naught on the ground of said mistake, and that the same be properly corrected, and that the said Kight & Bro. be enjoined, restrained and inhibited from proceeding to collect said judgments or either of them ; and that said Hill, sheriff of Wood county, and each of his deputies be enjoined and restrained from further proceedings on said executions or either of them or from interfering with and selling plaintiff's property by virtue of the same until further order of said court." The bill prays for such other and further relief in the premises as the nature of the case may require or to equity may seem meet, &c. This bill is verified by affidavit.

It appears, that on the 11th day of December, 1875, the defendant, G. W. Alleman, with leave of the court filed his answer to the plaintiff's bill, to which the plaintiff replied generally. The said G. W. Alleman admits the allegations of the bill with reference to plaintiff's indebtedness to him. He also admits that said Kight & Bro. obtained a judgment against him for the sum of $151.91 with interest from the 6th day of March, 1869, and $19.80 costs, and that he confessed

the other judgment of said Kight & Bro: against him in the clerk's office of said court for the sum of $745.08 in the year 1872 with interest from the 1st day of September, 1872, and $17.85 costs, which said last named judgment was obtained, as he states, by the statement of Kight & Bro., which seems to have been false and stated seemingly with the view of cheating and defrauding him; that on the —— day of ———, 18—, he was indebted to said Kight & Bro. for merchandise some $350.00 or $450.00, and on or about the —— day of ——————, 187–, he gave or assigned to said Kight & Bro. three negotiable notes executed by the firm of Geo. A. Wells & Co., amounting in the aggregate to $400.00 to pay or satisfy the then indebtedness of him (G. W. Alleman) to said Kight & Bro., which said notes were protested for non-payment, and the said firm of Geo. A. Wells & Co. was shortly afterwards declared bankrupt; that as soon as he was informed of said bankruptcy, he went to said Kight & Bro. and told them, that he would make a payment of one half, or as much, as he could then raise, on said notes of said Geo. A. Wells & Co., if the said Kight & Bro. would agree to wait for the balance until the assignee of said estate should declare a dividend, and they could see how much could be realized from said estate, which said Kight & Bro. agreed to do, whereupon on the 4th day of September, 1869, he (respondent) paid said Kight & Bro. $240.00 on said notes, which payment was made in the storeroom of said Kight & Bro. in the presence of Henry Winans, and which said $240.00 was supposed to be one half of the said debt of $409.00 including interest and costs of protest; that afterwards Kight & Bro. instituted suit and obtained the smaller judgment for $151.94, on one of said notes of Geo. A. Wells & Co. before mentioned; that afterwards on the 2d day of February, 1870, he paid to said Kight & Bro. the further sum of $200.00; and afterwards said Kight & Bro. received from said bankrupt estate the further sum of $201.41 dividend declared on the said Geo. A. Wells & Co.'s said notes; that he (respondent) was not informed until recently, that said Kight & Bro. had drawn from said bankrupt estate the said sum; that believing he had paid said Kight & Bro. the full amount of said notes he supposed, that the dividend thereon from the said estate would be due and payable to him;

that while in this state of mind and believing, that he would receive any dividend declared by the assignee of said estate, he had other dealings with said Kight & Bro., and that on the —— day of ————, 187–, said Kight & Bro. came to him and informed him, that he was justly indebted to them in the sum of $745.00, that being the total amount due them including everything then due them from respondent, and requested him to confess judgment for the same, assuring him, that said amount was just and correct, and that by confessing judgment he would save himself much costs; that he confiding in and believing the said statements and representations of said Kight & Bro., did confess the before mentioned judgment for $745.00 with interest as aforesaid.

He further alleges, that on the 4th day of May, 1874, he assigned to said J. W. Kight a negotiable note executed by W. B. Odbert payable to him (respondent) for the sum of $200.00 as a payment on said $745.00 judgment, which note was protested, and said Odbert was declared a bankrupt; that the said Kight brought a suit and obtained judgment upon said Odbert note against him (respondent) as endorser, &c., for $200.00, the amount of said Odbert note, protest and cost; that so it is the said Kight & Brother now hold and are claiming the said judgment for $151.00 on the Wells & Company note, and for $745.00, and also for $200.00 on the Odbert note; while he has fully paid and discharged the said $151.00 judgment, also paid $200.00 on said $745.00 judgment, all of which he claims as credits justly due him on said judgment; that Kight has collected $201.40 from the estate of said Wells & Company, which fact was unknown to him, when he confessed the said $745.00 judgment, from the fact that it was agreed, that the amount realized from said Wells & Company's estate should be received and due him; that therefore he says, that he has paid and discharged the smaller judgment of $151.00, and has paid $200.00, amount of Odbert note on the $745.00, leaving a balance of $545.00 on said judgment; that he should also have a credit on said $545.00 of $200.00 more, being the amount received from the assignee of said estate by said Kight, reducing said judgment to $345.00, and add to this $200.00 amount of judgment against Odbert

makes the total amount due Kight & Brother, $545.00, with interest and costs.

He then charges, "that the said Kight is now fraudulently trying to collect all of said judgments, knowing them to be a fraud upon him (respondent)." He also avers, that he at divers other times has paid Kight other large sums of money on his said account with Kight, which he has not and did not receive any credit for on the books of the said firm, and especially the sum of $150.00 paid by negotiable note April 30, 1870, all of which he never knew until recently and since this suit was brought—all of which was a fraud practiced upon him by said Kight & Bro. by their false and fraudulent sayings and representations. He therefore prays, that he may be allowed credits for the sums aforesaid; that an account may be taken as between the said Kight & Bro. and him, and that he be allowed on said account all of the above credits, and that his answer may be filed and treated as a cross-bill against said Kight & Bro. and the plaintiff, and that such further special and general relief be granted him as the nature of his case may demand and justice require, &c. This answer is also verified by affidavit of G. W. Alleman.

It appears, that Kight & Bro. demurred to plaintiff's bill, and that the plaintiff joined in the demurrer and moved the court to dissolve the injunction. It also appears, that Kight & Bro. filed their answer to said bill, to which the plaintiff replied generally. The substance of this answer, so far as it is material to state it, is as follows: They deny, that the said judgments in their favor against the said G. W. Alleman have been paid or nearly so as alleged; but, they say, it is true, that the smaller judgment has been partly paid, and they aver, that they are not now seeking to enforce payment of even what remains due thereon. And in answer to the requirements of the bill they say, that some years ago the said G. W. Alleman transferred these notes, made by G. A. Wells & Co. to the order of said G. A. Alleman, to them for a valuable consideration, two of said notes for $150.00 each, and the other for $100.00; that soon after these notes fell due, and before they (respondents) had time to obtain judgment thereon, the said firm of G. A. Wells & Co. was declared bankrupt; that they obtained judgment against said G. W. Alle-

man for one of the $150.00 notes with protest, which is the smaller judgment mentioned in the bill; and that since the rendition of said judgment the said G. W. Alleman paid to them $200.00 as a credit on said notes, and that they have also received from J. B. Jackson, Esq., assignee in bankruptcy of said firm of G. A. Wells & Co., $200.00 as a dividend on said notes, which sum they applied first to the payment of the notes not sued on and the residue on the said smaller judgment, which leaves due on said judgment $85.00; that the foregoing are all the payments they have ever received on either of the judgments against said G. W. Alleman; that sometime about April, 1874, said G. W. Alleman transferred and endorsed to them a note for $200.00, given to the order of said Alleman by W. B. Odbert, which was not then due, and which they agreed to credit on the said larger judgment, when it should be paid, and accordingly they placed said note in bank for collection, but the same was not paid when due nor since but was protested for non-payment, of which they notified said G. W. Alleman, and he requested respondent J. W. Kight to bring suit on said note, which he did at once, but before judgment was obtained thereon, Odbert was declared a bankrupt, and said note has been proved for the benefit of said Alleman against said Odbert's estate, but respondents have never received anything on the same. They admit, that they are judgment-creditors of said G. W. Alleman, and that suggestions were filed against plaintiff as alleged in the bill, and that plaintiff appeared and answered upon oath, and that judgments were rendered against him as in the bill set forth; but they deny, that said judgments were rendered against plaintiff for larger sums than the aggregate of the principal, interest and costs due on said judgments against G. W. Alleman up to June 1, 1875, when they were entitled to sue out execution on said judgments against plaintiff. They insist, that if either of the judgments against plaintiff is for too much in the aggregate, plaintiff has a complete remedy to correct the same by notice and motion. But they say, that if said judgments are in fact for too much, they are willing to release the excess at any time it is ascertained. They deny the allegation, that plaintiff made a mistake in giving his answer upon said suggestions to the court, or that the court made any mis-

take in entering its judgments on said answer. They say, that said judgments were entered on the plaintiff's answer and on no other testimony; that plaintiff answered before said court, that he would owe G. W. Alleman by the 1st of June, 1875, sufficient to pay both of said judgments; that plaintiff's claim of mistake by him is an after-thought, &c. They deny the allegation, that a writ of *fi. fa.* has been issued upon each of said judgments against plaintiff; and they say, no execution has been issued on the smaller of said judgments; that they are not seeking at present to enforce the said smaller judgment for the reason before stated. They admit, that a *fi. fa.* has been issued on the larger of said judgments and has been placed in the hands of the sheriff of Wood county, and that he has levied the same and advertised for sale, &c. This answer is also verified by affidavit.

In the record of the proceedings of the said circuit court there appears what purports to be a special replication in writing of Kight & Bro. to the said answer of G. W. Alleman filed as a cross-bill in said court, as will be hereafter seen. This said special replication is copied into the record as before us. In this special replication the said Kight & Bro. deny, that they made any false statements or representations to said G. W. Alleman to induce him to confess the judgment for $745.08 mentioned in said answer, and they aver, that at the time of the rendition of said judgment the full amount thereof was due them and is still due them; that they brought suit on the demand, for which said judgment was rendered, and that the same was pending on the law-side of said court for some time prior to the rendition of said judgment, and the said G. W. Alleman appeared and pleaded thereto, but finally became convinced of the justness of their claim and confessed judgment accordingly. They admit the assignment to them by said G. W. Alleman of the three negotiable notes of George A. Wells & Co., aggregating in amount $400.00, but deny, that that was the amount of the indebtedness of the said G. W. Alleman to them at the time of said assignment, or that said notes were assigned in satisfaction of such indebtedness. They aver, that the indebtedness of said G. W. Alleman to them at the time was much more than $450.00; and that said notes were assigned with

the understanding, that when they were paid, such payment should be a credit upon the indebtedness of said G. W. Alleman to them. They deny the allegation in said answer, that said G. W. Alleman on the 4th day of September, 1869, paid them the sum of $240.00 on said notes; and they positively say, that the said G. W. Alleman did not at that time or at any other time pay them $240.00 on said notes or any other sum, except as stated by them in their replication. They say, that said G. W. Alleman on the second of February, 1870, paid them $200.00 on said notes, and that that is the only payment he ever made to them on said notes. They also state, that on the 25th day of October, 1874, they received from J. B. Jackson, Esq., assignee in bankruptcy of said Wells & Co., a dividend on said notes, but the amount so received by them was $201.91 instead of $201.41 stated in said answer; that it was in March, 1873, that the said G. W. Alleman confessed the said judgment for $745.08, and nearly four years after he claims to have paid said $240.00, and that at the time of the confession of said judgment the amount of the said Geo. A. Wells & Co.'s notes deducted from the total amount due from said G. W. Alleman to them (replicants), which left a balance of $745.08, and at that time the said G. W. Alleman did not claim to have paid anything more than the $200.00 on the Wells & Co. notes; that it was then understood between them and said G. W. Alleman, that they should wait for and take the dividends, which might be declared upon the said notes, and that the smaller judgment of $151.91 should stand as a security for the payment to them of so much of said Wells & Co. notes, if anything, as might remain due after the payment of all dividends, that should be declared. They further say, that on the 17th day of May, 1876, and since the filing of said answer of said Alleman they have received a further dividend from the said assignee in bankruptcy amounting to $35.33, which they have credited on said Wells & Co. notes. They say, that the foregoing credits are the only ones, which they have received from any source either before or since the rendition of the judgment on one of said notes as aforesaid, and that no credit has been paid them on the larger judgment or the liability, for which

it was rendered, either before or since the date of the said judgment.

They deny, that said Alleman did not know until recently, that they had received the dividend of $201.91 from the said bankrupt estate. They aver, that he well knew, that the said notes were proven in their names and for their benefit,. and well knew what dividend would first be declared ; that, that matter was discussed at the time the larger judgment was confessed and was well understood by them and G. W. Alleman at that time, that they would get out of the first dividend about enough, with the payment of $200.00, which Alleman made in February, 1870, to make the face of the Wells & Co. notes. They say, that if said G. W. Alleman claims to have paid said $240.00 long before the rendition of either of the said judgments, he should have claimed and filed the same at law, and having failed to do so he cannot now come into a court of equity to obtain such credit without alleging and proving some excuse for not making his defense at law, which would give a court of equity jurisdiction, which said G. W. Alleman has failed to do. They say, it is true, that at the time the said Alleman confessed the larger judgment, they did represent to him, that the full amount thereof was due them ; but it is not true, that the said Alleman relied on their representation. On the contrary he investigated said account both of debt and credit sides and became satisfied, that the said account was correct and made no claims to any credits at that time, that were not allowed him by them.

They deny, that the Odbert note for $200.00 was assigned to and received by them on said judgment, and allege, that said note was assigned with the understanding, that if the same was paid, the amount thereof should be applied as a credit on said judgment for $745.08. They aver, that suit was brought on the said Odbert note at the special instance and request of the said G. W. Alleman ; that soon after the said Odbert note was protested replicant, J. W. Kight, desired the said Alleman to pay the said note or take it back and give up to the said J. W. Kight his receipt for said note, which he gave him at the time of the assignment thereof, and which replicants believe the said Alleman still has, and if he would produce the same it would show, that they, replicants, did not

receive the said note as a credit on said judgment; but said G. W. Alleman then informed said J. W. Kight, that he could not then pay said note and desired him to bring suit thereon and try to collect the same from said Odbert, and that he, said Alleman, would be responsible for all costs incurred in said suit. Accordingly suit was brought, and judgment was recovered as before stated. They deny, that they are claiming from said G. W. Alleman as due to them the judgment for $151.91, and the judgment for $745.08, and the judgment of $200.00. They aver, that they have never sought to enforce the judgment for $200.00, that they have never relied upon said judgment for $200.00 and do not now; that they have not since the payment of said dividend of $201.91 claimed the whole of said $151.91 to be due to them, nor have they issued any execution against said John Alleman on the judgment rendered against him on suggestion for the amount of said judgment of $151.91, though they still claim, that there is a small balance due on said smaller judgment. Nor were they at the filing of said answer or since seeking to enforce the smaller judgment or the said $200.00 judgment on the Odbert note. They claim, that the whole of the $745.08 judgment is still due them and a small balance on the judgment for $151.91. They claim, that the $200.00 paid them in February, 1870, the dividend paid in October, 1874, and the one paid in May, 1876, should be applied first to the payment of the notes of Wells & Co. not sued on, the residue applied as a credit on the judgment for $151.91. They say it is not true, that it was agreed, that said dividends to be declared on said Wells & Co. notes should be due to and received by said G. W. Alleman, and that it is not true, that the total amount due them from said Alleman is $545.00 or that they are fraudulently trying to collect all of said judgments. They further say, that it is not true, that said G. W. Alleman has at divers other times paid them large sums of money on his account with them or either of them, for which he did not receive credit, nor did he pay them or either of them the sum of $150.00 by negotiable note on the 30th day of April, 1870; and they deny all allegations of fraud, &c. This replication is verified by affidavit. But I do not find the filing of said special replication noted upon the record of

the proceedings of the court, though I do find that the parties have taken depositions, as though it was regularly filed. It may be, that the 4th section of chapter 134 of the Code does not apply to such a case, but that question is not here decided, as under the view taken of the case it is immaterial.

It appears, that on the 21st day of January, 1876, the circuit court made and entered a decree in the cause, from which it appears, that on that day the defendant, G. W. Alleman, filed his said answer in court, to which the plaintiff replied generally ; and that the said G. W. Alleman moved the court to permit him to file said answer as a cross-bill in the cause ; and that to the filing of it as a cross-bill the said Kight & Brother objected. It further appears by said decree, that the cause was then heard by the court upon the bill and exhibits filed therewith, the demurrer and answer of Kight & Brother, in which demurrer the plaintiff joined and replied generally to said answer, and upon the answer of G. W. Alleman with replication thereto and the motion to dissolve the injunction theretofore awarded in the cause, on consideration whereof the court (as stated in said decree) was of opinion, that the errors or mistakes complained of by the plaintiff in entering up judgment on the suggestion are not such mistakes or errors, as would entitle him to relief in a court of equity, and therefore the demurrer to the said bill was well taken ; but the court was further of opinion, from the answer of the defendant, G. W. Alleman, and the proofs filed in the cause, that the judgment of Kight & Brother against G. W. Alleman ought to be credited with certain sums of money, and that by reason thereof the judgment against plaintiff in favor of Kight & Brother would be entitled to like credits ; and that the court would not at that time enter judgment on said demurrer but would permit the said G. W. Alleman to file his answer as a cross-bill in the cause, and overruled the said objection thereto of said Kight & Brother, in order that the whole matter being then before the court might be settled in this cause.

And thereupon the court ordered, that the said answer of G. W. Alleman be filed as a cross-bill in the cause. It is further stated in said decree, that before any decree could be entered adjudicating the rights of the parties, an account should be taken between the said Kight & Bro. and the said

G. W. Alleman ; and therefore the court did refer the cause to one of its commissioners with directions to report an account between the said Kight & Bro. and said G. W. Alleman showing the amounts paid by the said Alleman on the judgments in the proceedings mentioned, how, when and by whom paid and the balance, if any, due the said Kight & Bro. upon the judgments aforesaid, &c. It further appears, that the commissioner took sundry depositions and made his report to the court, to which exceptions were filed by the said Alleman, some of which were sustained by the court and some were overruled. The commissioner reported against the $240.00 payment claimed by said G. W. Alleman. The court on the 17th day of August, 1876, recommitted said report to the commissioner. The same commissioner made another report, to which exceptions were filed by the said G. W. Alleman. On the 8th day of January, 1877, the court without deciding any question recommitted the cause to the commissioner. Subsequently such proceedings were had, as that the court on the 30th day of March, 1877, ordered, that an issue be made up and tried at the bar of the court on the law-side thereof to ascertain, whether the said G. W. Alleman paid to the said Kight & Bro. the sum of $240.00 on or about the —— day of September, 1869, and that on the trial of such issue the said G. W. Alleman should hold the affirmative of such issue ; and the court ordering that said issue be placed upon the issue-docket to be called during that term of the court. And the court again recommitted the commissioner's report with special instructions not necessary here to state, but the court directed the commissioner to report during the term.

Afterwards, on the 11th day of April, 1877, the commissioner again reported, to which last named report Kight & Brother filed exceptions, and on the 13th day of October, 1877, the cause again came on to be heard upon the orders and papers theretofore made and read and upon the supplemental report of the commissioner, and on the motion of the defendants, Kight & Brother, to dissolve the injunction awarded in the cause ; and the court in and by this decree dissolved the said injunction except as to $240.00 with interest thereon from the 4th day of September, 1869, for which sum said G. W.

Alleman claims a credit on the larger judgment mentioned in the bill, and an issue had theretofore been directed. The last named decree contains other matters and directions, which I deem it unnecessary to state. It also appears, that the issue directed in the cause was tried by a jury in October, 1878, and by their verdict the jury found that G. W. Alleman did pay to said Kight & Brother $240.00 on the 4th day of September, 1869. It also appears, that Kight & Brother moved to set aside the verdict of the jury and grant a new trial, but the motion was overruled, and a bill of exceptions was taken by them to the opinion of the court overruling said motion. It further appears, that on the 18th day of October, 1878, this cause came on again to be further heard upon the papers formerly read and proceedings theretofore had therein, and upon a certified copy of the verdict of the jury upon the trial of the issue theretofore directed in the cause ; and the court decreed, that the injunction theretofore overruled, as to the said $240.00 be perpetuated, and also that said Kight & Brother pay the plaintiff his costs, &c.

From and to this decree the defendants, Kight & Bro., upon their petition obtained from this court at a former term an appeal and *supersedeas ;* and in this way this cause was brought before this court for review.

*W. L. Cole* for appellants cited the following authorities : Story Eq. Pl. §§ 398, 401, 630, 631, 632 ; 11 W. Va. 654 ; 10 Gratt. 496 ; 4 W. Va. 610 ; 7 W. Va. 715 ; 10 Gratt. 228 ; 11 Gratt. 625.

*D. H. Leonard* for appellee cited the following authorities : Story Eq. Pl. (6th ed.) §§ 392–399 ; 2 Rob. (old) Pr. 318 ; 7 W. Va. 390 ; 4 W. Va. 610 ; 8 W. Va. 95.

HAYMOND, JUDGE, announced the opinion of the Court :

According to the plaintiff's own showing in his bill and in his answer to the plaintiff's suggestions made upon oath he was indebted to said G. W. Alleman, the execution-debtor, in the sum of $2,100.00, upon which nothing was due until June, 1875, or that there was a payment due in June, 1875. He thus shows by his answer, that he was indebted to G. W Alleman in a sum largely more than sufficient to pay and satisfy

each and both of said executions against said G. W. Alleman and in favor of the defendants, Kight & Bro., issued upon their two several judgments against the said G. W. Alleman, to wit: one for $745.08 with interest thereon from the 1st day of September, 1872, and $17.85 costs, and the other for $151.91 with interest thereon from the 5th day of March, 1869, and costs $19.80. When the plaintiff answered upon oath before the court as aforesaid, nothing remained for the court to do but to render judgments in favor of Kight & Bro. against the plaintiff for the amount of each of said judgments and executions, including principal, interest and costs up to the 1st day of June, 1875, with interest thereon from that date and the costs upon each suggestion with stay of execution in each case until the 1st day of June, 1875.

The plaintiff alleges, that the court did render two judgments against him upon his answers to said suggestions, viz: One judgment upon the first of said suggestions for $897.61 with interest from the first day of June, 1875, and costs $5.39 to beccome payable the first day of June, 1875, (by which I understand with a stay of execution until the date last aforesaid). Plaintiff also alleges, that the amount of this judgment against him is largely in excess of the said judgment of Kight & Bro. against G. W. Alleman mentioned in the said first suggestion, to wit: About $33.32, and that the judgment against him on the second suggestion for $232.45 with interest from the 1st day of June, 1875, payable the 1st day of June 1875, is is also entered up for a greater amount than the original judgment of Kight & Bro. against said G. W. Alleman.

The court had before it, at the time it rendered each of said judgments against the plaintiff, as a part of the record in the suggestion cases the judgments and executions in favor of Kight & Bros. against said G. W. Alleman; and the amount of each of said judgments rendered in favor of Kight & Bro. against the plaintiff was manifestly arrived at by calculation; and if either of said judgments against the plaintiff is for a sum in excess of what it should have been, it was the result of miscalculation by the court, and the plain and proper proceeding to correct the said judgments against the plaintiff, or either of them in this respect is by notice and motion under

the provisions of the fifth section of chapter 134 of the Code of 1868 and not by bill in equity either with or without injunction. The remedy of the plaintiff for the correction of said alleged errors in the judgments against him in his bill mentioned, if such errors exist, under said section and chapter of the Code is complete. The plaintiffs in said judgment may also under said section and chapter of the Code release such excess, if it exists.

The next ground for equitable relief set up by the plaintiff in his bill against said judgments so rendered against him by the court in favor of Kight & Brother upon said suggestions, is substantially, that in fact there was nothing due from him to the said G. W. Alleman until the 1st day of July, 1875, and then only $91.79, and then $155.91 due every three months thereafter, until the full amount of his contract with said G. W. Alleman should be paid subject to certain credits mentioned in his bill (which it is unnecessary here to state) and that he, plaintiff, made said answers upon said suggestions through a mistake, as he had never been sworn in court before, he was considerably embarrassed and did not perhaps explain to the court fully how said payments became due; and the court, through a mistake of his (plaintiff's) entered up said two judgments against him upon his said answers upon said suggestions. This is in substance all the plaintiff alleges in his bill touching his said alleged mistake in his said answers so made as aforesaid. If the plaintiff did in fact make in his said answers upon his oath the mistake he alleges, it was certainly a very great mistake, but he utterly fails to show by any allegation or averment in his bill, that the alleged mistakes in said answers were not the result of his own laches and negligence. No reason is stated by the plaintiff in his bill why the alleged mistakes were made in said answers, except that plaintiff had never been sworn before and was at the time considerably embarrassed, and did not perhaps explain to the court fully how said payments became due. This reason for said alleged mistakes of plaintiff is clearly insufficient in a court of equity. Instead of showing ignorance of the fact and diligence and a want of negligence on his part, it shows the contrary. A judgment by confession or otherwise will not be restrained by injunction on grounds purely legal,

unless a defence at law has been prevented by fraud on the one side or ignorance of facts unmixed with negligence on the other. *Harner* v. *Price,* 17 W. Va. 523 ; *Shields et al.* v. *McClung et als.,* 6 W. Va. 79, 3d syllabus ; see also *Braden* v. *Reitzenberger,* 18 W. Va. 286.

The plaintiff's bill also contains this further clause, namely : " Complainant further represents that he is informed and verily believes and therefore charges, that the said judgments of the said Kight & Bro. against G. W. Alleman, have been almost, if not wholly paid by the said G. W. Alleman." This is the only allegation or charge contained in the bill upon or with reference to that subject. It is not pretended that this allegation and charge give a court of equity jurisdiction to entertain the plaintiff's bill and interfere at the instance of the plaintiff as to the matter of the last named allegation and charge, and I deem it unnecessary to discuss this matter further.

The matters of alleged equity contained in the plaintiff's bill I have considered separately and shown, that neither of them separately is sufficient to give a court of equity jurisdiction of plaintiff's bill, and neither of them being sufficient by itself they are not sufficient considered jointly to give a court of equity jurisdiction. The injunction allowed the plaintiff in this cause was improperly allowed, because the bill showed no equity on the part of the plaintiff to authorize a court of equity to interfere in his behalf or at his instance by the process of injunction. And I am unable to see from the face of the plaintiff's bill or by anything appearing in the cause, that the plaintiff by an amendment of his bill could in the least better his condition in a court of equity. Indeed from what appears on the face of the bill and all of the proceedings in the cause, it seems to me to be clear, that the plaintiff could not by amendment of his bill better his condition in a court of equity. I infer from the opinion of the court upon the demurrer of Kight & Bro. to plaintiff's bill embodied in its decree of the 21st day of January, 1876, that it was then of the opinion that the plaintiff's bill contained no equity, so far as the plaintiff was concerned, in fact the court says in that decree, that the demurrer of Kight & Bro. is well taken. But the court declined at that time to enter judgment upon

said demurrer, because it was of opinion from the answer of the defendant, G. W. Alleman, and the proofs filed in the cause, that the judgment of Kight & Bro. against G. W. Alleman ought to be credited with certain sums of money, and that by reason thereof the judgment against the plaintiff in favor of Kight & Bro. would be entitled to like credits, and the court overruled the objections of Kight & Bro to the motion of said G. W. Alleman to file his said answer as a cross-bill in the cause and did then and there order it to be filed as a cross-bill therein, and ordered an account to be taken as shown in the statement of this case already given.

Subject to some qualifications a cross-bill being generally considered as a defence to the original bill, or as a proceeding necessary to a complete determination of a matter already in litigation, the plaintiff is not at least as against the defendant in the original bill obliged to show any ground of equity to support the jurisdiction of the court. It is treated, in short as a mere auxiliary suit, or as a dependency upon the original suit. Story Eq. Pl. 399. See on this subject same work §§ 389, 392, &c. See also the subject considered in *Dickinson* v. *Railroad Co.*, 7 W. Va. 390 and *West Va. Oil & Oil Land Co.* v. *Vinal* and *Vinal* v. *West Va. Oil & Oil Land Co.*, 14 W. Va. 637.

In the case of *Dows* v. *Chicago,* 11 Wall. 108, the original bill was filed by the plaintiff to restrain the collection of a tax levied by the city of Chicago upon shares of the capital stock of the Union National Bank of Chicago, owned by him. The bank was organized and doing business in the city of Chicago, under the general banking act of Congress, and the complainant was a citizen and resident of the State of New York. The principal grounds alleged for the relief prayed were, that there was in the tax of the shares of the bank a want of uniformity and equality with the tax of other personal property in Illinois, as required ·by the Constitution of that State ; and that the shares of the bank followed the person of the owner, and were incapable of having any other *situs* than that of his domicile, and were not therefore properly within the jurisdiction of the State. Other objections were also urged tending more to show irregularities in the proceedings than invalidity of the tax. The bill in the cross-suit was

filed by the Union National Bank of Chicago, and besides alleging the illegality of the tax assessed, on various grounds, assumed that if the shares were permitted to be sold, irreparable damage would not only be done to each of the shareholders, but also to the bank, which would thereby be subjected to great loss of standing and other injury, for the redress of which the law afforded no remedy; and that such also would be the result if the bank paid the taxes, and was subjected to suits by each of the shareholders by reason of doing so; and that in either event a multiplicity of suits would be rendered necessary to adjust the rights of the parties. A demurrer was interposed to the original and cross-bills. The circuit court sustained the demurrers to both, and the complainants in the two cases electing to abide by their bills, the court entered decrees dismissing the bills. From these decrees appeals were taken. Judge Field delivered the opinion of the Supreme Court of the United States upon the case and in speaking of the original bill at page 112 says:

" We see no grounds for the interposition of a court of equity, which would not equally justify such interference in any case of threatened invasion of real or personal property. The cross-bill filed by the bank presents different features. That institution insists, that if it paid the tax levied upon the shares of all its numerous stockholders out of the dividends upon their shares in its hands, which it is required to do by the law of the State, or if the shares were sold, it would be subjected to a multiplicity of suits by the share-holders; and were it an original bill the jurisdiction of the court might be sustained on that ground. But as a cross-bill it must follow the fate of the original bill." I do not understand however that a cross-bill in all cases must follow the fate of the original bill. See the cases in 7th and 14th W, Va. *ubi supra.*

The case at bar is in material aspects like the last named case in 11 Wallace in principle. Here the plaintiff's bill shows no good equitable grounds for the interposition of a court of equity, and was for that reason demurred to by the defendants, Kight & Brother, and they also moved to dissolve the injunction. Upon the whole it seems to me under the circumstances, that the circuit court erred in not sustaining the demurrer of the defendants, Kight & Brother, to the

plaintiff's bill, and in not dismissing the same for want of equity and in not dissolving the injunction theretofore allowed in the cause at its January term, 1876, and also at the same term and in the same decree erred in ordering the answer of said G. W. Alleman to be filed in the cause as a cross-bill, and in ordering an account, &c. It follows therefore that all the subsequent decisions rendered in the cause are erroneous.

Entertaining the foregoing views with reference to this cause there is error in the said decree of the circuit court of the county of Wood, rendered in this cause on the 18th day of October, 1878, and the same must therefore be reversed and so also must all the other orders and decrees of said court rendered in the cause prior to that date including the verdict of the jury rendered upon the issue ordered in the cause back to and including all the decree made in the cause on the 21st day of January, 1876, which follows the words " and therefore the demurrer to said bill is well taken" therein, and the appellant must recover against the appellees, John Alleman and G. W. Alleman, their costs in this court about the prosecution of their appeal and *supersedeas* expended. And this Court proceeding to render such decree in the cause, as the said circuit court should have rendered, it is adjudged, ordered and decreed, that the motion of the defendant, G. W. Alleman, to file his answer in the cause as a cross-bill be overruled. And it is further adjudged, ordered and decreed, that the demurrer of the defendants, Kight & Brother, to the plaintiff's original bill be and the same is hereby sustained, because the said bill shows no good equitable ground for the interposition of a court of equity on behalf of the plaintiff, and the motion of the defendants, Kight & Brother, to dissolve the injunction heretofore allowed in this cause by the said circuit court of Wood county be and the same is hereby sustained, and said injunction dissolved, and the plaintiff's said bill dismissed. It is further adjudged, ordered and decreed, that the said defendants, Kight & Brother, recover against the plaintiff, John Alleman, their costs including an attorney's fee, about their defence of this suit in the said circuit court of Wood county expended, up to the 21st day of January, 1876, and that they recover against the said John Alleman and the defendant, G. W. Alleman jointly

their costs expended about their defence of this suit in said circuit court subsequent to and including the said 21st day of January, 1876, excluding therefrom an attorney's fee. But this decree is without prejudice in any respect to the right of the plaintiff, John Alleman, to hereafter move to have the said two judgments or either of them of Kight & Bro. against him amended upon notice and motion under the provisions of the fifth section of chapter 130 of the Code of this State of 1868 for error therein as to amount, produced by miscalculation of the amount of the two several judgments of said Kight & Bro. against the defendant, G. W. Alleman, in the said plaintiff's bill mentioned up to the 1st day of June, 1875, including the principal, interest and costs of each of said last named judgments, if such errors exist, which said right is hereby reserved to the said John Alleman. And this decree is further without prejudice to any right at law or in equity of the said G. W. Alleman touching or relating to any matter set up in his answer filed in this cause against or in relation to the two judgments or either of them of said Kight & Bro. against him in the original bill filed in this cause and in his said answer mentioned, and also against or in relation to said two judgments or either of them of said Kight & Bro. against the plaintiff, John Alleman, rendered against him (John Alleman) upon suggestions in said John Alleman's said bill mentioned, or any other right legal or equitable which the said G. W. Alleman may have in relation to or in any manner touching said judgments or any of them in any suit, suits, proceeding or proceedings at law or in equity or both which may hereafter be brought or prosecuted by or against the said G. W. Alleman touching or in relation to said judgments or any of them or any part of any of said judgments, the said legal and equitable rights of the said G. W. Alleman, if any be in fact set forth, not having been passed upon or inquired into in the decision of this cause are reserved to him in any future suit or proceeding by or against him as aforesaid.

JUDGES JOHNSON AND GREEN CONCURRED.

DECREE REVERSED.