# SEPTEMBER TERM.

## CHARLESTOWN.

GRAFTON *v.* REED *et al.*

Submitted June 13, 1885.—Decided September 19, 1885.

1. No precise rule can be laid down defining the extent and limits of the concurrent jurisdiction, which courts of equity will exercise with courts of law in matters of account. In such matters courts of equity reserve to themselves a large discretion, in the exercise of which they will pay due regard to the nature of the case and the situation and conduct of the parties. (p. 439.)

2. If the averments of the bill show that the specific accounts can be fairly determined in a court of law, and that no discovery is necessary, the simple fact that the bill contains vague and general statements as to the inadequacy of the remedy in a court of law, or the necessity for some discovery from the defendant, without stating the specific facts showing that there is such inadequacy in the remedy at law or necessity for a discovery, such statements will be considered merely as pretexts for foisting a jurisdiction upon courts of equity, which does not belong to them, and they will be disregarded and jurisdiction declined. Such, in the view of the Appellate Court, is the character of the jurisdictional averments of the plaintiff's bill in this cause. (p. 440.)

The facts of the case appear in the opinion of the Court.

*Martin & Woods,* for appellant.

*M. H. Dent,* for appellee.

SNYDER, JUDGE:

Suit in equity instituted in the circuit court of Taylor county, June, 1882, by the town of Grafton against Thomas A. Reed, Adolphus Armstrong and others, to settle the accounts of the defendant Reed as sergeant of said town for two terms of office, and to obtain a decere against him and his sureties for money alleged to be due from him as such sergeant. The cause was referred to a commissioner who filed his report showing a liability on the said sergeant and his sureties for the sum of $2,174.65. The court, on March 31, 1885, confirmed said report and decreed that the plaintiff recover from said sergeant and his sureties on the bond for his second term the said sum of $2,174.65 with interest and costs. From this decree the defendant Adolphus Armstrong appealed to this Court.

The appellant and Reed demurred to the plaintiff's bill and their demurrer was overruled by the circuit court. It is now insisted by the appellants that this action of the court was plainly erroneous.

The substance of the plaintiff's bill is, that the said Thomas A. Reed was duly appointed sergeant of the town of Grafton for the year 1877, and gave bond as such with John W. Mason and others as his sureties; that in March, 1879, the plaintiff made a final settlement with said Reed for said year 1877, and found due from him to it $1,088.90; that afterwards, in October, 1879, said Reed was again appointed sergeant of the plaintiff for the year 1879, and gave bond as such with the appellant Armstrong and others as his sureties; that in March, 1880, the plaintiff made another settlement with him and found that there was then due from him $4,141.32; that the plaintiff then brought an action at law against him and his sureties on said bond of 1879, for said sum which action is still pending; that upon an incomplete settlement, subsequently made, the said Reed showed that he was entitled to further credits which reduced the balance due from him to $2,190.32, all of which remains due to the plaintiff and unpaid; that the defendant Reed and his sureties on said second bond *claim* that said sureties on the first bond should pay said $1,088.90, and not the sureties on said second bond, and that they are preparing to make such defence in

said action at law, thus placing the plaintiff in said action at the mercy of said Reed who is the only one in a condition to know the truth of said claim on account of the confusion by him of his transactions during his two terms of office; that said Reed is hopelessly insolvent, and owing to the confused state of his accounts and the different rights of the parties the remedies at law are inadequate; that relief can only be properly obtained in a court of equity upon a discovery of the true state of said accounts by the said Reed himself; and that plaintiff, therefore, prays the said "Reed may be compelled upon oath to discover: *first*, how much of said $2,190.32 is properly chargeable to him and his sureties for the year 1877; and *second*, how much of said sum is properly chargeable to him and his sureties for the year 1879;" that the true state of his accounts may be ascertained and a decree rendered in favor of the plaintiff against the defendants severally for the sums with which they are respectively chargeable, &c., &c.

The question presented is, whether or not the allegations of said bill show grounds for relief in a court of equity? There is no doubt that courts of equity have jurisdiction concurrent with courts of law in matters of account where the accounts are mutual and complicated, and also where they are all on one side, if discovery is sought and is *material* to relief; but when the mutual accounts are not complicated, or the accounts are all on one side and no discovery is *required*, courts of equity will decline jurisdiction. *Gleninger* v. *Hazard*, 42 Pa. St. 401; *Laferer* v. *Billmyer*, 5 W. Va. 33. This equitable jurisdiction is, however, not exercised in matters of accounts, as it is in many other cases, merely to prevent injustice which might arise from the exercise of a purely legal right, or to enforce justice in cases in which courts of law can not afford it; but the jurisdiction is concurrent with that of courts of law, and is adopted, because in certain cases it has better facilities for ascertaining the rights of parties. It is, therefore, impossible to lay down with precision rules or fixed definitions applicable to all cases in which it may be proper for equity courts to exercise this jurisdiction. The infinitely varied transactions of mankind would be continually found to baffle such rules and escape such definitions. Courts have, therefore, as a

necessity reserved to themselves a large discretion, in the exercise of which due regard must be had not only to the nature of the case, but to the situation and conduct of the parties. *North-Eastern Railway Company* v. *Martin*, 22 Eng. Ch. 758.

Although the line may not be drawn with absolute precision, yet it may be safely affirmed that a court of equity can not draw to itself every transaction between individuals in which accounts between the parties are to be adjusted. In all cases in which an action of account would be a proper remedy at law, and in all cases involving trusts or confidential relations resulting in transactions which can not be adequately adjusted at law, the jurisdiction of a court of equity is undoubted. But in transactions not of this peculiar character, some difficulty at law should interfere, or some discovery should be necessary to the relief sought, in order to confer jurisdiction upon a court of equity. *Fowle* v. *Lawrason*, 5 Pet. 495; *Petty* v. *Fogle*, 16 W. Va. 497; *Bank* v. *Jeffries*, 21 *Id.* 504.

It is well established that, if the bill on its face shows that the specific account can be fairly determined in a court of law, and that no discovery is necessary to the relief sought, the simple fact that the bill contains vague and general statements of complications of the accounts between the parties without giving specific facts to show that such complications exist in the particular accounts to be adjusted, or a statement that the remedy at law is inadequate, or that some discovery is required from the defendant, will not support the jurisdiction of a court of equity. In such cases such statements will be considered merely as colorable and employed as pretexts for foisting a jurisdiction upon equity courts which does not pertain to them, and they will be disregarded and jurisdiction declined. 1 Story's Eq. Jur., sec. 458 *a;* *Lafever* v. *Billmyer*, 5 W. Va. 33–41; *Bass* v. *Bass*, 4 H. & M. 478.

The allegations of the bill in the case at bar, it seems to me, fail to show that the plaintiff is without adequate remedy at law, or that the facts stated entitle it to relief in a court of equity. The averments show that the plaintiff had full knowledge of the state of the accounts between it and the

defendant Reed.   No facts are stated which even tend to establish that there is any complication or contusion in the accounts.   It is specifically stated that the sum found to be due from the defendant Reed, on account of transactions during his first term of office was $1,088.90, and that the sum due from him, at the time this suit was instituted, was $2,190.32, and that it is this latter sum which the plaintiff is entitled to recover.   There is, therefore, no uncertainty as to the state of the accounts or the amount due from the defendant Reed.

The only confusion alleged and the only matter as to which any discovery is sought, relate to the respective liabilities of the two sets of sureties on the official bonds of the defendant Reed.   The facts being fully known and stated, the question as to the liability of the one or the other set of sureties, or as to the respective liabilities of both, is purely a question of law which can be as well determined by a court of law as by a court of equity.   No reference to a commissioner or discovery from the defendant, Reed, can aid in the solution of this question.   It is one which the court alone must solve, and the uncertainty in the mind of the counsel for the plaintiff as to which way the court may solve it, is certainly no ground for the jurisdiction of a court of equity.   The fact that the defendant, Reed and one set of his sureties *claim* that the other set of sureties is liable for a specific part of the sum alleged to be due the plaintiff, does not confuse or complicate the accounts between the parties, or make a discovery necessary to a recovery by the plaintiff from the parties legally liable according to the facts alleged.   I can see no ground in the allegations of the bill to sustain the jurisdiction, and am, therefore, of opinion that the decrees of the circuit court should be reversed, the demurrer sustained and the bill dismissed, which is ordered accordingly.

REVERSED.   DISMISSED.