## · CHARLESTON.

VAN DORN *et al v.* LEWIS COUNTY COURT *et al.*

Submitted June 21, 1893—Decided November 18, 1893.

1, DEMURRER—BILL IN CHANCERY.

Where the specific facts stated in a bill in equity, notwithstanding vague and general allegations as to equitable jurisdiction, show that there is a plain adequate legal remedy as to matters in dispute, the demurrer to such bill should be sustained, and the plaintiff remitted to his legal remedy.

WM. E. LIVELY, for appellants.

LINN & WITHERS, for appellees cited 16 W. Va. 556; 7 Pickering, 181 (19 Am. Dec. 268); 19 Am. Dec. 272, note; 112 Mass. 299, 308; 4 Gray, 292; 16 Gray, 193; 9 Allen, 355; 36 Me. 92; 169 Mass. 192; 27 W. Va. 244.

DENT, JUDGE:

This is a chancery suit founded on the following assignment and acceptance filed with the bill as—

"EXHIBIT R.

"Order No. 6461. Name, Lewis county, Weston, W. Va. Order of P. M. Hale. State of West Virginia, Lewis county, to wit: At a County Court continued and held for the county of Lewis, at the court house thereof, on the 4th day of January, 1887. P. M. Hale having this day presented to the court a certain order in writing, directing and authorizing the court to pay certain moneys to J. H. Van Dorn out of the money due and to become due him on his contract for building the court house and jail, which said writing is as follows: 'To the County Court of Lewis county, W. Va.—Sirs: I hereby assign to J. H. Van Dorn,

of Cleveland, Ohio, the sum of three thousand dollars of the money due me, or to become due me, upon my contract for the building of the court house and jail of Lewis county, W. Va., and I authorize and direct you to pay the same out of said moneys, as follows: At each monthly estimate of money to be paid me upon work completed, the supervising architect is to make a separate estimate of the value of the iron work completed, and, this estimate for iron work so completed, the said County Court is authorized and directed to pay to said Van Dorn the sum of eighty *per cent.* (80%.) And if, in said estimate of iron work, any sum of money is included as estimate for girders, said court is authorized and directed to pay out of any other moneys due and payable to me out of that monthly estimate, or any subsequent estimate, to said Van Dorn, a sum sufficient to pay him the full price of said girders. And said court is further authorized and directed to pay to said Van Dorn, at the completion of said court-house and jail, and out of any money or moneys that may be due and payable to me over and beyond the eighty per cent. payable by monthly installments, a sum sufficient to pay all balances due said Van Dorn for said iron and girders, not to exceed to him the said sum of three thousand dollars in full for all iron furnished. Witness my hand and seal this 4th day of January, 1887. P. M. Hale. [Seal.]' It is therefore considered that the court doth accept said order, and agree to pay said Van Dorn, according to the terms thereof, said sums on said iron; provided, that said court shall in no event be liable to said Van Dorn or to said Hale in any sum beyond that contemplated in the original contract with said Hale for building the said court-house and jail, which said original contract shall remain intact, and in no manner altered or changed by any acceptance of said order of said Hale to said Van Dorn; and this acceptance is to be considered only as a means of paying to said Van Dorn said sums of money that may be payable to said Hale without the intervention of said Hale.

"The state of West Virginia, county of Lewis, to wit: I, E. A. Bennett, clerk of the County Court of said county, do certify that the above writing is a true copy from the

records in the office of the clerk of said court appearing in the Order Book No. 2, p. 474 & 475. Given under my hand and the seal of said court this 7th day of January, 1887. E. A. Bennett, Clerk."

"EXHIBIT Q.

"(Duplicate.)

WESTON, W. Va, Dec. 22, 1886.

"*To the Honorable Board of Commissioners of Lewis county, West Va.:*

GENTLEMEN :—I hereby authorize and direct you to pay J. H. Van Dorn the sum of ($3,000.00) three thousand dollars in full for iron-work for new jail and court-house, the same to be paid as follows, to wit: Eighty *per cent.* on all iron-work on monthly estimates of architect or superintendent, except beams, which is to be paid in full when delivered. The balance to be paid on completion of building, not later than Oct. 1st, 1887. You to deduct the same from my contract. Respectfully P. M. Hale. E. A. Bennett, Clerk of County Court."

"EXHIBITS A. B. C. AND D.

"A.

"Van Dorn Iron Works. J. H. Van Dorn, Proprietor. Cleveland, Ohio, March —, 1887. Sold to P. M. Hale, Esq. Order No. ——, for Lewis county, Weston, W. Va.

| | | |
|---|---:|---:|
| 2 double jail doors, 1st and 2nd story, at............... | $100 00 | $ 200 00 |
| 1 double jail door, woman's department............... | | 56 00 |
| 2 food wickets at..... ......................................... | 20 00 | 40 00 |
| 4 window guards, 1st story at............................. | 30 00 | 120 00 |
| 4 window guards, 2nd story at... ......................... | 56 00 | 224 00 |
| 2 window guards, woman's department at........... | 30 00 | 60 00 |
| 1 beam for jail, jail tie rods............................... | | 315 00 |
| 1 " " " court-house rods.......................... | | 485 00 |
| 12 set inside shutters, at...................... .................. | 75 00 | 900 00 |
| 2 doors with transoms, at.................................... | 100 00 | 200 00 |
| 4 doors without transoms at................................ | 75 00 | 300 00 |
| | | $2,900 00 |
| 20 balcony railing and 2 pieces crestings, 1 vane, 8 high, 2 brackets, 5 long.................... ............... | | 100 00 |
| | | $3,000 00 |

"B.

"Van Dorn Iron Works. J. H. Van Dorn, Proprietor.

Cleveland; Ohio, —— March —, 1887. Sold to P. M. Hale, Esq. Order No. ——, for Lewis Co., Weston, W. Va.

"C.

"Van Dorn Iron Works. J. H. Van Dorn, Prop. Cleveland, Ohio, March ——, 1889. Sold to Lewis Co., W. Va. Order No. —— Weston, W. Va:

1888.

May, Extra work cutting off 2 shutters.

| | | |
|---|---:|---:|
| Fr't on shutters, paid by us | $ 6 30 | |
| Cartage both ways | 1 50 | |
| 72 hours, at 40 | 28 80 | |
| | | $ 36 60 |
| 2 transoms | | 50 00 |
| | | $86 60 |

"D.

"Cleveland, Ohio, March ——,1889. P. M. Hale. Esq., Weston, W. Va., in account with Van Dorn Iron Works. J. H. Van Dorn, Proprietor.

1888.

| | | |
|---|---:|---:|
| March, Ironwork | $3,000 00 | |
| 1889. | | |
| March. Im | 86 60 | |
| | | $3,086 60 |

| 1887 | | Cr. | | |
|---|---|---|---:|---:|
| April 8. | By cash | | $554 40 | |
| May 4. | " " | | 124 80 | |
| June 4. | " " | | 120 00 | |
| Aug. 4. | " " | | 208 00 | |
| Dec. | " " | | 60 00 | |
| | | | | 1,139 20 |
| | | | | $1,947 40" |

The allegations of the original bill are to the effect that the County Court has not faithfully complied with the obligation assumed by it towards plaintiff; that it did not have proper estimates made by the right party, but that it had improper ones made, and paid the money that should have been paid plaintiffs to others, not entitled to receive it. The bill also asks for certain discoveries as to the expenditures, and what defence the County Court has to make to plaintiff's claim, and that an account be had between them. The amended bills convene other parties who have similar claims, and set out various other after-discovered facts as to the moneys expended by the County

Court in the construction of the new court-house at Weston.

The County Court answered the original bill, and demurred to all the bills. The demurrers were overruled. A. A. Arnold files an answer setting up a claim he holds against the court. Depositions were taken, and on the 27th day of October, 1891, the Circuit Court rendered a decree dismissing the bills at the cost of the plaintiff. From this decree the plaintiff appeals.

The first question presented is: Did the court err in overruling the demurrers for want of equity in the bills? The bills allege the want of discovery. But this is a mere pretence, as the defendant is a public corporation, required to keep records of all its doings open to the inspection of the public, so that, if plaintiff really wanted to know as to the expenditures of the court, he could find this out by an examination at the clerk's office. He also prays for an account between himself and the County Court.

"It is well established that if the bill on its face shows, that the specific account can be fairly determined in a court of law, and that no discovery is necessary to the relief sought, the simple fact, that the bill contains vague and general statements of complications of the accounts between the parties, without giving specific facts to show that such complications exist in the particular accounts to be adjusted, or a statement that the remedy at law is inadequate, or that some discovery is required from the defendant, will not support the jurisdiction of a court of equity. In such cases such statements will be considered merely as colorable, and employed as pretexts for foisting a jurisdiction upon equity courts which does not pertain to them, and they will be disregarded, and jurisdiction declined." 1 Story Eq. Jur. § 458a; *Laferer* v. *Billmyer*, 5 W. Va. 33–41; *Gratton* v. *Reed*, 26 W. Va. 437.

In this case the plaintiff claims a fixed balance due him, of one thousand nine hundred and forty seven dollars and forty cents, on the price of iron furnished by him for the new court-house; and the only question to be determined is, whether the County Court is liable to pay this sum, or any part thereof, by virtue of the agreement made with the plaintiff, with the consent of P. M. Hale, by its order en-

tered of record on the 4th day of January, 1887, heretofore herein copied. There can be no dispute as to the amount due plaintiff, nor as to the obligation of the County Court to assume and pay the same, provided it had the funds applicable thereto under its undertaking aforesaid; and it does not make any difference to the plaintiff how the County Court disbursed these funds, or on what estimates, if not properly made. If proper estimates were not made according to the agreement, it is not the plaintiff's fault, as the person required to make them was the agent and in the employ of the County Court for this purpose, and it can not escape liability by neglectful or wrongful acts on his part. If it paid out the money to parties not entitled to receive it, this would be no defence to a rightful claim on the part of the plaintiff.

The County Court was directed by the contractor, Hale, in his order: "At each monthly estimate of money to be paid me upon work completed, the supervising architect is to make a separate estimate for ironwork so completed, and on this estimate for ironwork so completed the said County Court is authorized and directed to pay eighty per cent. (80%). And if in said estimate of ironwork any sum of money is included as an estimate for girders, said court is authorized and directed to pay out of any other moneys due and payable to me out of that monthly estimate, or any subsequent estimate, to said Van Dorn, a sum sufficient to pay him the full price of said girders."

This order the County Court accepted, and agreed to carry out, subject to Hale's contract; and if it failed to do so the plaintiff has a plain, adequate and complete remedy at law. It is certain that this plaintiff ought not to bear an undue proportion of the loss occasioned by Hale's failure to complete his contract, if he should bear any part thereof; which, however, are questions to be raised in a proper suit before a proper tribunal, and not for this Court to determine at this time. The specific facts stated in the material allegations of these bills fail to show that the plaintiff has not a complete legal remedy, and therefore the demurrer to them should have been sustained, and the bills dismissed for this cause alone. The bills being demur-

rable for want of equity, there could be no decree between co-defendants. *Alleman* v. *Knight*, 19 W. Va. 201.

The Circuit Court apparently heard the case on its merits as to this plaintiff, and, while it reserved the rights of the defendants as to all parties in its decree, only reserved the right of the plaintiff as to P. M. Hale, which would bar him as to any suit he might see proper to institute against the County Court; and to this extent the decree will be reversed and amended, and in all other respects affirmed, with costs to the appellee as the party substantially prevailing.