# CHARLESTON.

PREWETT v. THE CITIZENS NATIONAL BANK OF PARKERSBURG.

Submitted February 9, 1909. Decided November 9, 1909.

1. BILLS AND NOTES—*Actions—Fraud as Defense.*
    Fraud 'in the procurement of an accommodation endorsement of a negotiable promissory note, alleged to have been perpetrated by the holder thereof, may be proved as matter of defense in an action at law, instituted by him on the note. (p. 186).

2. FRAUD—*Jurisdiction.*
    In respect to redress of an injury, predicated on such a fraud, courts of law and courts of equity have concurrent jurisdiction. (p. 187).

3. COURTS—*Concurrent and Legal Jurisdiction—Transfer from one Court to Another.*
    In cases of concurrent jurisdiction, the maxim, *Qui prior est*

*tempore, potior est jure,* applies, and that court whose juris-diction first attaches will retain cognizance of the cause, unless it be the law court and ground for removal into a court of equity is set up and sustained. (p. 187).

4. TRIAL—*Transfer from Law to Equity.*

Though necessity for discovery constitutes good ground for removing a cause from a legal to an equity forum, the bill must show the evidence required cannot be obtained, under the common law rules, otherwise than by discovery in equity, and is indispensible to the protection or relief of the plaintiff. (p. 187).

5. DISCOVERY—*Grounds of Remedy—Indispensable Evidence.*

Matter, constituting only ground for inference of motive for making alleged false representations, relied upon for relief, though relevant and material, is not deemed indispensable evidence, within the rule, prescribing the requisites of a bill for discovery and relief, because remote and indirect in its bearing upon the cause of action or matter of defense. (p. 187).

6. EQUITY—*Jurisdiction—Adequacy of Legal Remedy.*

Allegations of a bill, seeking relief in equity, which really amount to nothing more than pretexts for the exercise of jurisdiction, are disregarded. (p. 190).

Appeal from Circuit Court, Wood County.

Bill by C. W. Prewett against the Citizens' National Bank of Parkersburg and others. Decree for defendants and complainant appeals.

*Affirmed and Remanded.*

*Merrick & Smith,* for appellant.

*L. N. Tavenner,* for appellees.

POFFENBARGER, JUDGE:

Alleging fraud in the procurement of his signature, C. W. Prewett, an accommodation endorser of a note for the sum of $3,000.00, executed by O. S. Hawkins, and negotiable and payable at The Citizens National Bank of Parkersburg, obtained an injunction, inhibiting and restraining said bank, the holder of the note, from proceeding to take judgment for the same, by motion, after notice, in the circuit court of Wood county. The bank and C. H. Shattuck, its president, against whom the allegations of fraud were made, answered the bill, denying all the facts set up in it, as grounds of relief, and, on the hearing of the motion of the bank to dissolve the injunction, numerous affi-

davits, directly conflicting and contradictory as to the charges of fraud were filed, and the motion was sustained and a demurrer to the bill overruled and the cause retained for further proceedings. An additional ground of relief set up in the bill is discovery, it being charged, by way of suggestion of motive for the perpetration of the alleged fraud, that the bank, at the time of the execution of the note, held two other notes of Hawkins', one of which was past due, and both of which were paid out of the proceeds of the $3,000.00 note. This charge having been made, a prayer for discovery was inserted in the bill. At the time of the execution of the note, a deed of trust was executed by Hawkins and left at the bank, by which certain real estate at Bedford City, Virginia, was conveyed to W. P. Flaherty, the cashier of the bank, as trustee, to indemnify Prewett as endorser on that note and all notes that might thereafter be endorsed by him in renewal of the same. This deed of trust was not recorded until about six months after the date thereof, and, although no real injury resulted from this, since the property was already encumbered to an extent considerably in excess of its value, this fact is relied upon in the bill as ground of relief. The misrepresentations, set up in the bill as having been made to secure the endorsement of Prewett, related to this property, it being charged that Hawkins, having applied for the endorsement, referred Prewett to Shattuck, president of the bank, for information as to the arrangements made for his protection, and that Shattuck exhibited to him a paper which he called a deed of trust on the Bedford City property, and told him the property was worth $7,500.00 and was ample security, and, therefore, he could safely endorse the note. These representations, if made, were absolutely false, since the property proved to be worth not more than $5,600.00 and was, at the time, encumbered by purchase money and judgment liens, amounting to over $7,000.00. Between the date of the execution of the deed of trust and the recordation thereof, a purchase money note for $1,300.00 was paid, whereby the property was relieved to that extent, but two judgments, amounting to more than $500.00, were acquired and made liens thereon, within the same period.

Assuming, for the purposes of this case, the sufficiency of the defense to the note set up in the bill, fraud in the procurement thereof, a vital inquiry is, whether the bill can be maintained

under the circumstances. This defense can be made in the action at law as well as in equity, and, for the right to make such defense at law, it is not necessary to rely upon the statutory provisions found in sections 5 and 6 of chapter 126 of the Code. The purpose of that statute was to broaden the jurisdiction at law, not to restrict or cut it down, *Sterling Organ Co.* v. *House,* 25 W. Va. 88, and, prior to the enactment thereof, fraud in the procurement of a note or other contract, could be given in evidence under the general issue, in *assumpsit* or debt, or the plea of *non est factum. Davis* v. *Baxter,* 2 Patt. & H. 133; *Todd* v. *Summers,* 2 Grat. 168; 4 Min. Ins. (Part I) 770-74; *Insurance Co.* v. *Buck & Newsom,* 88 Va. 517; Hogg's Pl. & Forms 177, 188; *Haden* v. *Garden,* 7 Leigh 157. In all such cases courts of law and courts of equity have concurrent jurisdiction. *B. & O. R. R. Co.* v. *Lafferty,* 2 W. Va. 104. In this case, Judge BROWN said: "The reason for investigating the fraud before a jury, is as strong as before the chancellor, and the former is no less competent than the latter to determine it. It saves circuity of action, avoids delay, and lessens the expense, and whether in one forum or the other the evidence to sustain the charge of actual, not constructive, fraud, must be the same, in substance and effect." See also *Crislip* v. *Cain,* 19 W. Va. 438; *Kelly* v. *Riley,* 22 W. Va. 247; *Poore* v. *Price,* 5 Leigh 52; *Johnson* v. *Handley,* 5 Munf. 219; *White* v. *Jones,* 4 Call 253. When a case of concurrent jurisdiction is pending in one of the courts, competent to try and determine it, the jurisdiction of that court will prevail, and the case cannot be removed to the other upon the sole ground that it also has jurisdiction. *Hoge* v. *Trust Co.,* 103 Va. 1; *Bruner & McCoach* v. *Miller,* 59 W. Va. 36, 42-43; *Ellis* v. *Amich,* 53 W. Va. 421; *State* v. *Fredlock,* 52 W. Va. 232; *Grand Chute* v. *Winegar,* 15 Wall. 373; *Insurance Co.* v. *Bailey,* 13 Wall. 616. As the action on the note had already been instituted on the law side of the court, when this bill was filed, the defendant was bound to make his defense there, unless he could show inability on his part to do so, because of some equity in his favor, of which the law court could not take cognizance. He could not invoke the aid of a court of equity merely because, ordinarily, that court would have taken jurisdiction, in the first instance, of the case made by his allegations of fraud. In order to remove the case from the law side to

the equity side of the court, it was incumbent upon him to establish some other grounds of equity jurisdiction, a case beyond the reach of the remedial processes of the law court. He attempted to do this by asserting his right to have discovery as well as relief, and the injury, resulting from negligence or misconduct in respect to the recordation of the deed of trust.

If his bill had prayed only discovery in aid of his defense in the action at law, the rule by which to test the sufficiency of the allegations thereof is very liberal and we might well sustain it; but he prayed both relief and discovery. In order to sustain such a bill, he must comply with strict and rigid requirements. He must show that the evidence he seeks to obtain by his discovery is not only relevant, material and beneficial, but also absolutely indispensable to his defense and impossible of acquisition in any other way. *Thompson* v. *Whittaker Iron Works,* 41 W. Va. 574, 580; *Dudley* v. *Niswander & Co.* 65 W. Va. 461 · (64 S. E. 745); *Armstrong* v. *Huntons,* 1 Rob. (Va.) 323; Hogg's Eq. Pro., section 164. The reason for this distinction is that, in the case of a bill for discovery only, the object is merely to obtain evidence for use in the trial of the action at law, while, in a bill for both discovery and relief, the purpose is much broader, the objects being to elicit evidence and also to transfer the case from the legal to the equitable forum. It is so well marked and defined by the decisions that no further discussion of it is necessary. It remains only to examine the allegations of this bill in the light of the principles stated. There is no pretense of any difficulty, in respect to proof of the alleged fraudulent representations. These are confessedly within the knowledge of the plaintiff himself. He can testify to them and also to corroborative circumstances, and, should the defendant decline to testify, this evidence will necessarily prevail and establish his case. The inconvenience and difficulty respecting the acquisition of evidence, as shown by the bill, pertain to matters relevant and material, it must be admitted, but somewhat remote and not indispensable,—circumstances relied upon as establishing ground for an inference of motive for the making of false representatations. This evidence would subserve only the purpose of strengthening or aiding other evidence, going to the direct issue between the parties, and coming from other sources. . It is not

absolutely necessary to full, complete and adequate defense in the law court. Nor does he bring his case within another requisite of the strict rule above referred to. He must show that he cannot prove the facts by any witness other than the defendant. The court judicially knows that banks have employes, such as clerks, tellers and others, who ordinarily are not stockholders nor interested otherwise than as employes, and who have access to the books and records and can therefore testify to their contents. We may well presume that this bank has such employes, and it was incumbent upon the plaintiff to shut out this presumption by alleging in his bill that there was no disinterested person, having knowledge of the facts, by whom he could prove them under the rules of the common law, respecting the competency of witnesses. To remove the case from the legal forum, he must make a conclusive case of necessity on the face of his bill, in obedience to the strict rule of pleading, applicable in attachments and cases of fraud. Allegations that certain facts are known to the defendant and ought to be disclosed by him are not sufficient to give a court of equity jurisdiction for relief on the ground of discovery. In *Van Dorn* v. *Lewis County Court,* 38 W. Va. 267, a bill seeking relief on the ground of necessity for discovery was dismissed because it appeared that there was no difficulty in procuring the evidence without a bill of discovery. In such cases, the plaintiff must allege that he has no means of proving the facts by the testimony of witnesses or by any other kind of evidence used in courts of law, that the only mode of establishing them is by compelling the defendant to make disclosure, and, therefore, that a discovery by suit in equity is indispensable. 1 Pom. Eq. Jur. (3rd Ed.) section 229; *Lancey* v. *Randlett,* 13 Atl. Rep. 686.

The complaint, founded upon failure to have the deed of trust recorded, is accompanied by the admission that no injury resulted from it. The property was encumbered to the extent of over $7,000.00. The bill alleges that the liens on the property, before the date of the deed of trust, amounted to $7,364.13; that $1,300.00 of this was paid off, which would reduce it to $6,064.13; that afterwards two additional judgments increased it by about $500.00, which would make it about $6,564.13; and that the property sold for $5,600.00 and

produced, exclusive of cost, about $5,200.00. It is plain, therefore, that, if the deed of trust had been recorded on the date of its execution, the property did not bring enough to pay all the prior liens, after having been reduced to the extent of $1,300.00. If injury of this kind would call for interposition on the part of a court of equity, a question we do not decide, the bill does not make out a case of such injury. Hence, we are clearly of the opinion that these charges are mere pretexts for equity jurisdiction, which the courts always discountenance and reject. *Thompson* v. *Whittaker Iron Works,* 41 W. Va. 581; *Van Dorn* v. *Lewis County Court,* 38 W. Va. 267; *Laidley* v. *Laidley,* 25 W. Va. 525; *Sult* v. *Hochstetter,* 63 W. Va. 317.

It follows from the principles and conclusions above stated that the injunction was properly dissolved, and that, unless the appellant can cure the defects in his bill by amendment, the demurrer should be sustained and the bill dismissed. Therefore, the decree complained of will be affirmed, with costs and damages to the appellees, and the cause remanded.

*Affirmed and Remanded.*