## CHARLESTON.

Petrelli Coal Company *v.* Pasquale Petrelli

(No. C. C. 323)

Submitted January 20, 1925.    Decided April 28, 1925.

1. CANCELLATION OF INSTRUMENTS—*Trustee in Deed of Trust Conveying Land to Secure Payment of Notes is Not Necessary Party to Suit to Cancel Notes and Deed of Trust for Fraud.*

   The trustee in a deed of trust conveying real estate to secure payment of certain notes is not a necessary party in a suit to cancel the notes and the deed of trust on the ground of fraud in their procurement.    (p. 73).

   (Cancellation of Instruments, 9 C. J. § 139).

2. CORPORATIONS—*Without Offer of Rescission Corporation May Sue Promoter in Equity for Accounting Because of Fraudulent Representations by Him to Subscribing Stockholders in Sale of His Property to Corporation.*

   Without an offer of rescission a corporation may maintain a suit in equity against a promoter for an accounting of damages to it by reason of fraudulent representations made by him to the subscribing stockholders in the sale of his property to the corporation.    (p. 75).

   (Corporations, 14 C. J. § 336).

   NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Case Certified from Circuit Court, Brooke County.

Suit by the Petrelli Coal Company against Pasquale Petrelli.    After sustaining a demurrer to the bill the court certified ruling under Code c. 135, § 1.

*Reversed and remanded.*

*J. M. Ritz,* and *Handlan, Garden & Matthews,* for plaintiff.
*Nesbitt, Goodwin & Nesbitt,* for defendant.

LITZ, JUDGE:

The bill shows that the defendant, by false and fraudulent representations of facts respecting the value of certain coal lands which he then owned in Brooke County, West Virginia, induced John D. Kane, C. J. Francis, E. M. Dunlevy, L. O. Brafford, and Harry S. Jones, as parties of the

first part, to enter into a written agreement with him (as party of the second part) dated September 29, 1920, whereby the defendant promised to convey said lands to a corporation thereafter chartered under the name of Petrelli Coal Company, in consideration of the sum of $50,000 and 100 shares of the capital stock of the corporation of the par value of $10,000, and each of the parties of the first part agreed to subscribe for 100 shares at par of the capital stock of said corporation; the contract providing further that upon the execution and delivery of a deed by the defendants conveying the property to the corporation, it would, in consideration thereof, issue to him the 100 shares of stock, pay one-half of the $50,000 and execute a deed of trust on the property to secure the payment of the residue.

That the plaintiff corporation having been chartered and organized pursuant to the said agreement, the defendant by deed dated October 10, 1922, conveyed to it the said lands, and in consideration thereof the corporation issued to him 100 shares of its capital stock, paid him one-half of the $50,000, and executed a deed of trust upon the property to secure the residue, evidenced by two notes of the plaintiff for $12,500 each, bearing date October 14, 1922, and payable in one and two years, respectively, to the order of defendant.

That the stock issued, outstanding, and fully paid for at par (other than that owned by the defendant) is held as follows:

> John D. Kane, 73 shares;
> C. J. Francis, 73 shares;
> E. M. Dunlevy, 67 shares;
> L. O. Brafford, 73 shares;
> Mrs. Harry S. Jones, 60 shares.

That the corporation under the direct control and management of defendant has expended large sums of money in an unsuccessful effort to develop the property for coal mining purposes; and that its value, exclusive of· the improvements made thereon by the corporation, will not exceed $15,000.

The bill prays that the two notes and the. deed of trust be cancelled; that defendant be inhibited, restrained and en-

joined from transferring,. assigning or negotiating said notes or stock; and that he be required to pay to the corporation the par value of the said 100 shares of stock, and account to the corporation for damages by reason of his fraudulent representations.

The circuit court sustained the demurrer to the bill and certified its ruling under section 1 of chapter 135, Code.

It is charged that the bill is demurrable both on the ground that the trustee in the deed of trust is not made a party defendant, and further because the stockholders of the corporation are not parties plaintiff. Section 1, chapter 76, Code, makes provision for the release by the beneficiary of a lien created by *conveyance,* judgment, decree, lis pendens, notice of attachment, or otherwise; and under section 4, when the release has been executed and filed for record, *"The estate, of whatever kind, bound or affected thereby, shall be deemed to be vested in the former owner, or those claiming under him, as if such lien had never been executed."* Section 6 provides that if the party holding such lien refuses to execute a release, on request of *the party entitled thereto* the circuit court having jurisdiction may, on motion, after reasonable notice to the party so refusing, and if no good cause be shown against it, direct the clerk of the circuit court to execute such release, and *"it shall thereupon have the effect of a release executed under the first section."* Thus, in case of a deed of trust lien, the statute, through the voluntary or *involuntary* release of the beneficiary alone, reinvests complete title to the property affected in the "former owner, or those claiming under him." The trustee is, therefore, not a necessary party to this suit, in which complete justice can be administered between the parties.

There is no merit in the theory that the suit should have been brought by the defrauded stockholders. It is now well settled that the taking by the promoters of a secret profit, *or the unlawful sale by them of their own property to the corporation,* or the commission by the promoters of any other fraud upon the corporation, is an injury to the company in its corporate capacity and gives rise to a cause of action which may be prosecuted by the corporation or its assignee.

Ehrich on Promoters, Sec. 180; Alger, The Law of Promoters, Sec. 64 et seq; *Nickel Plate Land Company* v. *Broom et al.,* 96 W. Va. 586, 123 S. E. 594.

As a third ground of demurrer it is asserted that, the object of the suit being to recover damages for which there is an adequate remedy at law, a court of equity is without jurisdiction. This position is likewise untenable. A promoter stands in a fiduciary or quasi-trust relation to the corporation. He is bound to exercise the utmost good faith, his dealings must be open and fair, and he must take no advantage of the corporation or the subscribers for its shares. For any advantage or gain obtained by unfair or fraudulent dealing equity will grant relief or the law will compel the promoter to respond in damages. Ehrich on Promoters, sec. 14; 1 Thompson on Corp., 2d ed., Secs. 103, 104, citing English and American cases; *Bosher* v. *Richmond, etc. Land Co.,* 89 Va. 455, 16 S. E. 360, 37 Am. St. Rep. 879; *Camden Land Co.* v. *Lewis,* 101 Maine, 78, 63 Atl. 523; 14 C. J. ''Corporations,'' Secs. 253, 309, 327; 1922 Cum. Supp. Thompson on Corp., Sec. 104.

The choice of several remedies is available to the corporation at its election to obtain redress in case of unlawful or fraudulent sale of property to it by a promoter: (1) it may rescind the contract and recover the purchase price paid; (2) it may retain the property and recover its damages in an action at law; (3) in proper case it may compel the promoter to account for the profits gained by him in the transaction without restoring, or offering to restore, the property by a suit in equity to charge the guilty party as trustee of the profits fraudulently retained by him in the transaction. Ehrich on Promoters, Sec. 163 and cases cited; *Id.* Sec. 172; 1 Thompson on Corp., 2d ed., Sec. 111, p. 122; 12 C. J. ''Corporations,'' Sec. 309; *Nickel Plate Land Co.* v. *Broom,* cited.

In the case before us, for the reason that the corporation has placed expensive improvements upon the real estate, it is not in position to rescind the contract without great injustice to itself. It may therefore be permitted to retain the property and by this proceeding in equity compel the promoter to disgorge the fruits of his fraudulent sale to the corporation. In our case of *North American Coal & Coke Co.* v.

*O'Neal,* 82 W. Va. 186, the defendants, promoters and col-
luding stockholders, were held liable to account for and com-
pelled to surrender shares of stock representing secret profits
and to surrender purchase money notes. "No offer of rescis-
sion is necessary to obtain an accounting by a corporation
from a promoter who has secretly received profits on property
sold to the corporation by his frauds." *Yale Gas Stove Co.*
v. *Wilcox,* 64 Conn. 101, 29 Atl. 303, 25 L. R. A. 90, 42 Am.
St. Rep. 159. In *Lyons* v. *Webster,* 197 Ala. 654, 73 So. 337,
it was held that although there can be no rescission of a
contract without restoration of all the rescinding party re-
ceived thereunder, such doctrine does not apply where pro-
moters of a corporation practiced a legal fraud and secured
a greater number of shares than they were entitled to, and
the corporation then demands return and cancellation of the
additional shares. On the same principle that where money
has been received in violation of a fiduciary duty, a court of
equity has jurisdiction to compel restitution, a suit in equity
may be maintained against promoters to recover secret
profits made by them in their dealings with the corporation.
7 R. C. L. p. 78, sec. 57. In *Yeiser* v. *U. S. Board & Paper
Co.,* 52 L. R. A. 724, 46 C. C. A. 567, 107 Fed. 340, stock issued
to promoters representing their fraudulent profit in the sale of
property to the corporation was cancelled, the court holding,
upon the principle that equity will grant the relief best
adapted to the situation, that the corporation should not be
restricted in its remedy to rescission. In line with this prin-
ciple we find the case of *Jenkins* v. *Bradley,* 104 Wis. 540, 80
N. W. 1925, where the promoters in good faith and without
concealment conveyed to the corporation by quit claim deeds
certain property, the title to which was afterwards found to be
in part defective. They were treated by the court as having
paid on the shares issued to them in payment for the property
only the sum represented by the value of the property to
which they had transferred good title, and made to pay in
cash the balance of the price at which they received the
shares, upon the ground that while a purchaser in the ab-
sence of warranty ordinarily assumes all responsibility as to
the title to the real property, yet when the grantors occupy
a fiduciary relation to the grantee, and the parties having

acted in ignorance of, or under a mistake as to their antecedent legal rights, a court of equity may grant relief.

The courts have not differentiated between "secret profits" in the sense of the difference between the price paid by the promoter for the property and what he charged the corporation therefor, and "damages," the difference between the price paid by the corporation and the actual value of the property at the time. Ehrich on Promoters, p. 305. As the relief in equity in either case is based upon breach of the fiduciary relation between the promoter and the corporation or stockholders, in applying the remedy we will draw no distinction because, in the one case, the fraudulent advantage taken of the corporation by the promoter is the measure of damages suffered by reason of the fraud, and in the other, an amount of damages more readily ascertained as the difference between the price at which the promoter secured the property and the purchase price paid by the corporation. "The method by which the corporation is to be plundered can make little difference. It is the fact of doing so, by whatever method, that the law condemns." 7 R. C. L. p. 72, sec. 52, citing cases. *In re Leeds & Hanley Theatres of Varieties, Ltd.* (1902), 2 Ch. Div. 809, 72 L. J. Ch. 1, 87 L. T. N. S. 488, 51 W. R. 5; *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 89 N. E. 193, 40 L. R. A. N. S. 314.

That the bill properly alleges legal and actionable fraud is not denied.

The ruling of the circuit court sustaining the demurrer to the bill is reversed, and it will be so certified.

*Reversed and remanded:*