# CHARLESTON.

### T. F. McKenzie *v.* Alice Tarr *et al.*

### (No. 6019)

### Submitted April 24, 1928.      Decided May 1, 1928.

1. TAXATION—*In Suit to Cancel Tax Deed as Cloud on Title of Former Owner or His Grantee, Possession of Property is Not Jurisdictional Requirement.*

   ·In a suit to cancel a tax deed as a cloud on the title of the former owner or his grantee, possession of the property described in the deed is not a jurisdictional requirement. (p. 504.)

   (Taxation, 37 Cyc. p. 1496.)

2. TRUSTS—*In Trustee's Action, Materially Affecting Trust Property, Beneficiary Should be Made Party.*

   In an action, brought by a trustee, which materially affects the trust property, the beneficiary should be made a party. (p. 504.)

   (Trusts, 39 Cyc. p. 453.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

· Appeal from Circuit Court, Brooke County.

Suit by T. F. McKenzie against Alice Tarr and others to cancel deeds as clouds on title. From a decree for plaintiff, the named defendant appeals.

*Reversed and remanded.*

*R. L. Ramsay* and *O. S. Marshall,* for appellant.
*Ingram & Levy,* for appellee.

HATCHER, JUDGE:

A vacant lot charged to Edward Vaughn upon the land books of Brooke county was returned delinquent for the non-payment of taxes for the year 1918, and was sold therefor on December 13, 1920, to John Banfi. In the meantime, to-wit, on August 30, 1920, Vaughn had conveyed the lot to John B. and Wilma S. Ballough. On June 16, 1923, the clerk of the county court of Brooke county made a deed to F. L. Letzuks

purporting to convey the lot by reason of the sale for the delinquency for the year 1918. No privity of record is shown, however, between Letzuks and Banfi. Letzuks deeded the lot to Alice Tarr on August 18, 1924. She shortly afterwards erected a dwelling house on the lot at an alleged cost of $4,500.00, and has been in actual possession of the lot ever since. On March 6, 1925, the plaintiff purchased the lot of the Balloughs and in about a month instituted this suit, wherein he seeks to cancel the deeds under which Miss Tarr holds, as clouds on his title. From a decree in his favor she appeals.

It appears from the testimony of the plaintiff that he is the attorney of R. C. Evans, for whom he purchased the lot, after investigating the title, and that he is holding the lot simply as trustee for his client. Evans is not a party to the suit.

It is a fundamental rule that all persons who are materially interested in the subject matter of the litigation should be made parties thereto. *Burlew Tr.* v. *Quarrier*, 16 W. Va. 108; *Light & Heat Co.* v. *Lemasters*, 91 W. Va. 1, 10; *United Fuel Co.* v. *Morley Co.*, 101 W. Va. 74. "Where a trustee brings a suit in equity for the benefit of those he represents, the latter ordinarily are necessary parties to such suit." *Pyle* v. *Henderson*, 55 W. Va. 122; Story Eq. Pl., sec. 207. This suit was brought for the benefit of Evans. It relates to property of which he is the real beneficial owner. His interest will be vitally affected by its result. He is therefore a necessary party, and the decree of the lower court must be reversed because of his absence. When a reversal is occasioned for want of proper parties, an appellate court will not pass on the merits of the case, but will determine whether the bill presents a case of equitable jurisdiction. *Beckwith* v. *Laing*, 66 W. Va. 246. It is the general rule that a party out of possession cannot maintain a suit to cancel a deed as a cloud on his title. Under the practice in this State, however, equity has jurisdiction to cancel tax deeds regardless of who is in possession. See opinions in *Boggess* v. *Scott*, 48 W. Va. 316, 319; *Cecil* v. *Clark*, 44 W. Va. 659, 670; *Christian* v. *Vance*, 41 W. Va. 754, 757; *Clayton* v. *Barr*, 34

W. Va. 290, 296, and cases there cited. The case, as presented by the plaintiff, is therefore one which equity countenances.

The cause as submitted is not fully developed as to what information plaintiff and his grantors had of the improvement, at the time it was being made on the lot, and of their attitude thereto. We suggest that this be done before the case is re-submitted.

*Reversed and remanded.*