GAYMONT FUEL CO., *et al.*

*v.*

SAMUEL PRICE, ADMINISTRATOR, ETC., *et al.*

(CC 777)

Submitted April 17, 1951.   Decided May 15, 1951.

*Wolverton & Callaghan,* and *Brooks B. Callaghan,* for plaintiffs.

*Carl C. Sanders,* for defendants.

LOVINS, JUDGE:

This case comes here on certificate from the Circuit Court of Nicholas County and involves an alleged conflict of jurisdiction between the Circuit Courts of Nicholas and Greenbrier Counties, West Virginia.

The instant suit was commenced on the 7th day of October, 1950, by Gaymont Fuel Company and Farmers and Merchants Bank of Summersville, corporations, W. P. Kincaid, and Ralph T. Kincaid, Trustee, hereinafter designated collectively as plaintiffs, against Samuel Price, Administrator c.t.a. of the estate of Susan K. Laing, deceased, and trustee under a certain declaration of trust made by his decedent, Susanna Laing Speas, both of whom are the holders of judgments against the estate of John B. Laing, and D. D. Ashworth, Special Commissioner, appointed by the Circuit Court of Greenbrier County, hereinafter referred to collectively as defendants. The object of the instant suit is to enjoin the defendants and their agents from offering for sale, selling, conveying or otherwise creating a cloud upon the title of Gaymont Fuel Company to 26.142% undivided interest in Block 3 and 3A, consisting of 2548.94 acres of mineral rights, in Kentucky District, Nicholas County, West Virginia, hereinafter referred to as "mineral estate", and to remove as a cloud on such title a decree of sale entered in the Circuit Court of Greenbrier County.

Inasmuch as the factual background concerns acts and proceedings in Nicholas and Greenbrier Counties, they will be stated separately in chronological sequence.

By deed bearing date September 8, 1932, recorded September 14, 1932, John B. Laing and wife conveyed to Ralph T. Kincaid, Trustee, an undivided interest in 21 tracts of land, which included the mineral estate, located in Nicholas County, West Virginia, and by an amended and supplemental deed dated November 18, 1944, recorded January 17, 1945, John B. Laing and wife conveyed to the same trustee, among other tracts, the mineral estate with which we are here concerned. The last deed of trust executed by John B. Laing and wife provided that it was amendatory and supplemental of the first deed of trust and that the lien of the original deed should remain in full force and effect. The two conveyances were made in trust to secure certain notes therein de-

scribed. Default having been made in the payment of the debts secured by the deeds of trust above mentioned, on December 7, 1945, Ralph T. Kincaid sold the mineral estate above mentioned, along with other real estate, and conveyed the same to Gaymont Fuel Company by deed bearing date on the day of sale, which deed was admitted to record in Nicholas County on January 30, 1946. The Gaymont Fuel Company, by deed of trust bearing date December 7, 1945, recorded on the 3rd day of January, 1946, conveyed the mineral estate, along with other tracts of land, to Ralph T. Kincaid, Trustee, to secure two notes held and owned by the Farmers and Merchants Bank of Summersville and W. T. Kincaid. No sale of the mineral estate has been made under the last mentioned deed of trust.

The instant suit was commenced on October 7, 1950. Two days later the plaintiffs in the instant suit executed a notice to defendants herein of their intention to apply to the Circuit Court of Nicholas County for an injunction. Plaintiffs filed their bill of complaint in this suit on the 13th day of October, 1950, in which they set up their estate in, and liens on, the mineral estate and prayed that the cloud created by the suit in Greenbrier County be removed from their title.

On the same day that the bill of complaint was filed, the defendants appeared specially and filed their plea to the jurisdiction of the Circuit Court of Nicholas County. A decree was entered by the Circuit Court of Nicholas County on the 23rd day of October, 1950, "overruling the plea" and awarding a temporary injunction enjoining the sale of the mineral estate. By the same decree the court of its own motion certified its ruling to this Court.

The defendants in the instant suit, Samuel Price, Administrator d.b.n. c.t.a. of Susan K. Laing, obtained a judgment against John B. Laing on January 6, 1940, in the amount of $38,887.43, and Susanna Laing Speas obtained a judgment against the estate of John B. Laing on May 9, 1949, in the sum of $39,786.65.

The bill of complaint in the Greenbrier County suit, hereinafter mentioned, discloses that these judgments grew out of an alleged misappropriation by John B. Laing of the proceeds of a certain trust created by Susan K. Laing in which John B. Laing was trustee.

John B. Laing departed this life intestate on August 11, 1945, leaving a widow, a son and daughter, who has since died, as his heirs and distributees. An execution was issued on the judgment in favor of Price, Administrator, etc., on the 3rd day of October, 1949, and returned no property. An abstract of such judgment was filed September 22, 1949, in the office of the Clerk of the County Court of Nicholas County. The administratrix of John B. Laing having theretofore qualified, a final settlement of her accounts as such administratrix was made on or about July 6, 1948.

Samuel K. Price, Administrator of the estate of Susan K. Laing and Trustee under the declaration of trust hereinbefore mentioned, commenced a creditors' suit in the Circuit Court of Greenbrier County against the widow and other heirs and distributees of John B. Laing on behalf of himself as such administrator and trustee and on behalf of the other creditors of John B. Laing, making Margaret Nelson Laing, Charles W. Dorsey, Charles Laing Dorsey and Margaret Nelson Dorsey, the children of the deceased daughter of John B. Laing, the heirs at law and distributees of John B. Laing, deceased, parties defendant in the suit. The purpose of this suit was to subject the real and personal property of John B. Laing, deceased, to payment of his debts. The Greenbrier County suit was commenced on or about the 12th day of December, 1949, on which date an order of publication as to the heirs of John B. Laing was made by the Clerk of the Circuit Court of Greenbrier County and thereafter duly published. The bill of complaint in the Greenbrier County suit was verified on January 4, 1950. The plaintiffs in the instant suit were not made formal parties in the creditors' suit in the Circuit Court of Greenbrier County, nor was process ever issued and

served as to them. The order of publication, above mentioned, did not mention the plaintiffs in the instant suit.

A decree of reference was made by the Circuit Court of Greenbrier County on the 4th day of May, 1950. Susanna Laing Speas, having on May 9, 1949, obtained a judgment against the estate of John B. Laing in the amount of $39,786.65, proved her claim against the estate of John B. Laing while the cause was pending before the commissioner on the decree of reference. The commissioner to whom the cause was referred made his report on July 9, 1950.

The bill of complaint in the Greenbrier County suit alleged that John B. Laing was the owner of certain items of personal property and various tracts of land and real estate interests situated in Greenbrier, Raleigh and Nicholas Counties, particular reference being made to the mineral estate in said bill of complaint in the following language: "That the plaintiff is informed and believes and here avers that the said John B. Laing died seized of certain interests in real estate in Nicholas County, West Virginia, the value of which is unknown to plaintiff, which interests in said real estate are subject to the payment of said judgment in favor of the Estate of the said Susan K. Laing against the said John B. Laing."

Testimony taken before the commissioner shows that the mineral estate was subject to a lien in the form of a deed of trust given by John B. Laing prior to his death, and that the interests of John B. Laing had been sold under the deed of trust to satisfy the liens secured thereby. The two deeds of trust executed by John B. Laing and wife to Ralph T. Kincaid were filed before the commissioner by a witness. The report of the sale made by Ralph T. Kincaid, Trustee, at which the Gaymont Fuel Company became the purchaser, was likewise filed before the commissioner.

On July 9, 1950, the commissioner in chancery made his report to the Circuit Court of Greenbrier County. The report covers numerous items of property allegedly

owned by John B. Laing. The language of the commissioner's report with reference to the mineral estate is as follows: "26.142% undivided interest in Block 3 and 3A, consisting of 2,548.94 acres mineral rights in Kentucky District *** The above interest in said lands in Nicholas County was sold on the 7th day of December, 1945, pursuant to the terms of an original and an amended and supplemental deed of trust executed by John B. Laing prior to his death. ***" The report of the commissioner in chancery then goes on to state that the judgments rendered in favor of Price, Administrator, constituted "a first lien upon the interest of John B. Laing in such real estate. Being without exceptions, the report so made was confirmed by a decree of the Circuit Court of Greenbrier County on August 11, 1950.

By the decree confirming the report, John B. Laing was adjudged to be the owner of "A. PROPERTY OWNED IN NICHOLAS COUNTY, WEST VIRGINIA. 26.142% undivided interest in Block 3 and 3A, consisting of 2,548.94 acres mineral rights in Kentucky District." John B. Laing was also adjudged to be the owner of certain other properties in Greenbrier and Raleigh Counties with which we are not here concerned. The same decree adjudged the cost of the suit in Greenbrier County to be a first lien on the real estate and personal property, the judgment in favor of Price, Administrator c.t.a. and Trustee, to be a second lien, the judgment in favor of Susanna Laing Speas to be a third lien, and required the liens to be paid off within thirty days from the rising of the Court, and, upon failure to pay off the judgments and costs, decreed a sale of the real estate to be made at the front door of the courthouse of Greenbrier County for cash in hand on day of sale. For the purpose of making the sale, the court appointed D. D. Ashworth special commissioner. The special commissioner was required to advertise the date, terms and place of the sale for four successive weeks in certain newspapers published in Raleigh, Greenbrier and Nicholas Counties. In accordance with such decree the special commissioner gave

notice that he would make the sale on the 3rd day of November, 1950, which notice was published as directed by the decree.

The plaintiffs in the instant suit, alleging that the decree of sale is a cloud on their title, commenced the instant suit, procured an injunction as hereinabove stated, and prayed that the decree of sale be removed as a cloud on their title.

The defendants in the instant suit appeared specially and filed their plea to the jurisdiction of the Circuit Court of Nicholas County with the results as hereinabove stated.

At or about the time the instant case was certified, this Court, upon the petition of Price, Administrator and Trustee as aforesaid, Susanna Laing Speas and D. D. Ashworth, Special Commissioner, awarded a rule in prohibition.

No question is raised as to the legality of the sale made by Ralph T. Kincaid, Trustee, to Gaymont Fuel Company. The basic if not the only question to be resolved is: Does the Circuit Court of Nicholas County have jurisdiction to enjoin the sale of the mineral estate as decreed by the Circuit Court of Greenbrier County and to remove the cloud upon the alleged title to such mineral estate claimed by the plaintiffs in the instant suit?

It requires no citation of authority for the proposition that the Circuit Court of Greenbrier County had jurisdiction of the creditors' suit commenced by Price. Likewise the Circuit Court of Nicholas County has jurisdiction to remove clouds on the title claimed by the plaintiffs in the instant suit if such jurisdiction has not been ousted by the suit in Greenbrier County. When courts having concurrent jurisdiction of the subject matter are in conflict, the court first taking jurisdiction of the subject matter and parties has the exclusive authority to determine all matters in issue. *MacCorkle* v. *Bouchelle,* 132 W. Va. 409, 52 S. E. 2d 233; *State* v. *Shepherd, Judge,*

95 W. Va. 335, 121 S.E. 98; *McGrew* v. *Maxwell,* 80 W. Va. 718, 94 S.E. 395; *State* v. *Fredlock,* 52 W. Va. 232, 43 S.E. 153. See *Village of Barboursville* v. *Hereford,* 133 W. Va. 375, 56 S. E. 2d 206, 212; *Prewett* v. *Bank,* 66 W. Va. 184, 187, 66 S.E. 231. The rule and the .reason therefor is stated in the following appropriate language: "It is a doctrine of law too long established to require a citation of authorities, that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, till reversed, is regarded as binding in every other court; and that, where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. These rules have their foundation, not merely in comity, but on necessity. For if one may enjoin, the other may retort by injunction, and thus the parties be without remedy; being liable to a process for contempt in one, if they dare to proceed in the other.\*\*\*" *Peck et al.* v. *Jenness et al.,* 48 U.S. (7 Howard) 612, 624. Cf. *Wallace* v. *McConnell,* 13 U.S. 136; *Stout* v. *Lye,* 103 U.S. 66; *Heidritter* v. *Elizabeth Oil-Cloth Co.,* 112 U.S. 294; *Rio Grande Railroad Co.* v. *Gomila,* 132 U.S. 478.

But the foregoing rule is predicated upon the fact that one court has acquired jurisdiction. An indispensable element of jurisdiction is the issuance and service of process. In some instances jurisdiction of the *res* may be founded upon the seizure of property by proper process of a court. In an ordinary equity suit, if the title to real estate is not brought before the court by the service of process on the owner and lienholders or a seizure of the real estate by some lawful process, a court has not jurisdiction of the subject matter, and a decree of sale of such real estate is void. *Corporation* v. *Mining Co.,* 131 W. Va. 793, 50 S.E. 2d 673; *Land Co.* v. *Crowder,* 127 W. Va. 216, 32 S.E. 2d 563 . See *State* v. *Kelly & Co.,* 127 W. Va. 418, 33 S.E. 2d 230; *Coal Co.* v. *White,* 128 W. Va. 502, 37 S.E. 2d 455; *Andre* v. *Caldwell,* 118 W. Va. 689, 191 S.E. 556.

It is clearly disclosed by the bill and exhibits in this case that the Circuit Court of Greenbrier County did not have jurisdiction of the record owner of the title to the mineral estate in Nicholas County; nor were the trustee and beneficiaries in a recorded deed of trust made parties to this suit. No process issuing out of the Circuit Court of Greenbrier County had affected the land nor taken possession of it. Moreover, the bill of complaint inadequately describes the mineral estate. In addition thereto, the report of the commissioner and the testimony adduced before him clearly show the state of the title to the mineral estate as disclosed by the recorded deed of trust in Nicholas County. The decree of sale pronounced by the Circuit Court of Greenbrier County was void as to the mineral estate.

We do not have the Greenbrier County suit before us for review. Numerous decisions of this Court have indicated the necessity for the presence of the trustee in a deed of trust where it is sought to subject the land conveyed by such deed of trust to the satisfaction of debts. See *Bank v. Bank of Reedy,* 89 W. Va. 165, 109 S.E. 719. The beneficiaries should likewise be made parties to a suit which materially affects the trust property. *McKenzie v. Tarr,* 105 W.Va. 503, 143 S.E. 231. All parties clearly interested should have been parties before a decree of sale was entered in the Greenbrier suit. *Bragg v. Coal Co.,* 70 W.Va. 655, 74 S.E. 946. See *Lunsford and Withrow & Co. v. Wren,* 64 W.Va. 458, 63 S.E. 308; *Baker v. Oil Tract Co.,* 7 W.Va. 454; *Turk v. Skiles,* 38 W.Va. 404, 18 S.E. 561; *Bilmyer v. Sherman,* 23 W.Va. 656. In a suit to cancel a deed of trust and the notes secured thereby as fraudulent, the trustee is not a necessary party to the suit. *Coal Co. v. Petrelli,* 99 W.Va. 72, 127 S.E. 915. Such is not the case here.

On consideration of the facts presented by this record, we are of opinion and so hold that the jurisdiction of the Circuit Court of Greenbrier County to decree a sale of the mineral estate in Nicholas County did not exist, although a proper issuance and service of process or a

seizure of the mineral estate by lawful process would have conferred jurisdiction on that court. But, as stated above, that was not done.

A decree of sale being void the inquiry arises whether the suit in Nicholas County could be maintained to cancel and remove such void cloud on the title of the mineral estate. *Waldron* v. *Harvey,* 54 W.Va. 608, 46 S.E. 609, is authority for the proposition that a court of equity has jurisdiction to "remove cloud on title to land by vacating a void sale and a deed under it, the former owner being in actual possession." See *Whitehouse* v. *Jones,* 60 W.Va. 680, 686, 55 S.E. 730; *Putnam Co.* v. *Fisher,* 128 W.Va. 383, 395, 36 S.E. 2d 681.

The land being located in Nicholas County, undoubtedly the Circuit Court of that county has jurisdiction to remove the alleged though void cloud on the title set up by the plaintiffs in this suit. Code, 56-1-1.

What has been said here in this opinion in nowise precludes Price, Administrator c.t.a. and Trustee, Susanna Laing Speas and the special commissioner from subjecting whatever interest in the mineral estate that may be owned by the estate of John B. Laing. But whatever course the defendants in this suit adopt, the litigation must be prosecuted in the Circuit Court of Nicholas County.

In accordance with the foregoing we are of the opinion that the Circuit Court of Nicholas County had full, complete and sufficient jurisdiction to grant the temporary injunction and to further proceed in this cause so as to grant the plaintiffs such-relief as they may be entitled to.

Accordingly, the ruling of the Circuit Court of Nicholas County is affirmed and this cause is remanded to that court.

*Ruling affirmed;*
*cause remanded.*